Silva *v.* Erie Forge Company et al., Appellants.

Argued October 28, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*A. Grant Walker*, with him *Gunnison, Fish, Gifford & Chapin*, for appellants.

*Andrew J. Nowak*, of *Margorski & Nowak*, for appellee.

*S. H. Torchia*, with him *Ralph H. Behney* and *Claude T. Reno*, Attorney General, for intervenor.

OPINION BY STADTFELD, J., July 23, 1942:

The claimant, William Silva, had been employed as an electric welder by the Erie Forge Company, defendant, for a period of about thirteen years. In the performance of the duties of his employment claimant was constantly exposed to silica dust at the defendant's plant. As a result he contracted silicosis and became totally disabled on December 12, 1939. Since then he has not worked, but has been hospitalized at the Erie County Tuberculosis Hospital.

On May 7, 1940 claimant filed a petition seeking compensation for total disability. To this petition answers were filed by the insurance carrier for the defendant company, and by the State Workmen's Insurance Board, custodian of the Occupational Disease Fund, intervening defendant. The referee awarded compensation under the Act of June 21, 1939, P. L. 566,

section 301 (g), 77 PS 1401, and apportioned liability equally between the defendant company and the State Workmen's Insurance Board in accordance with section 308 (a) of the said act, 77 PS 1408 (a). The defendant company and its insurance carrier appealed to the Workmen's Compensation Board on the ground that the apportionment of liability as between themselves on the one hand, and the State Workmen's Insurance Board on the other, was to be determined in accordance with the Act of July 2, 1937, P. L. 2714 rather than the Act of 1939. The Workmen's Compensation Board affirmed the award of the referee. On appeal by the defendant and its insurance carrier to the court of common pleas, the order of the board was affirmed. This appeal followed.

It is questioned on appeal whether appellee is entitled to recover, and appellants liable to pay, compensation under the Act of 1939; and whether the apportionment of liability between appellants and State Workmen's Insurance Board, is governed by the Act of 1939 or by the Act of 1937. If the former act is controlling, appellants are liable for 50% of the award and judgment entered thereon; if the latter act governs, their liability is limited to 20%.

Appellee's position is strongly supported by the recent case of *McIntyre v. Lavino & Co. et al.*, 344 Pa. 163, 25 A. 2d 163. Construing the Occupational Disease Compensation Act of 1937, repealed by the Occupational Disease Act of 1939, the Supreme Court ruled that "the occurrence of the disability (is) the event which constitutes the compensable injury, although the disability is necessarily preceded by an exposure and an occupational disease of which it is the culmination". In the instant case the disability occurred on December 12, 1939, more than two months after the effective date of the Act of 1939, being October 1, 1939. The only act in force at the time of the occurrence of appellee's dis-

ability was the Act of 1939, and hence appellee's claim for compensation must necessarily rest upon the provisions of that act.

This claim is contested by appellants on the basis of a clause contained in section 301 (g)[1] of the act stating that "the only employer liable shall be the last employer in whose employment the employee was last exposed to the hazard of such occupational disease during a period of six months or more after the effective date of this act ......" Appellants call attention to the fact that appellee had ceased work on December 12, 1939, less than three months after the effective date of the act.

It will be noted that section 301 (g) deals only with the liability of employers and is silent as to any rights to which claimant may be entitled. The first part of this section provides that the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure, is liable for the payment of compensation. This, then, is general and applies to all occupational diseases, except such as are specifically exempted from this provision. In the latter

---

[1] Section 301 (g) provides: "The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthracosilicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more after the effective date of this act; and in such cases an exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, and his insurance carrier, if any."

half of the section it is provided that silicosis, anthraco-silicosis, asbestosis, or such other occupational disease that requires an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during the period of six months or more after the effective date of the act and that an exposure of less than six months shall not be deemed an exposure. This section applies only to employers and designates the one that shall be liable under certain circumstances. By reason of the difference between disability caused by an accidental injury which can be traced to a single event and an occupational disease which develops gradually over a period of time, this section was designed to protect the last employer in whose employment the employe had not been exposed for six months or more. Thus, if an employe has not been in the employ of a particular employer and exposed to the hazard for six months or more after the effective date of the act, then he must, under the Act of 1939, seek relief against a prior employer in whose employment he has been exposed for a period of six months or more ending after the effective date of the act.

Clearly, however, the instant case raises no issue as to liability between successive employers after the effective date of the act. There was no change of employers. Appellee had worked for the same employer for about thirteen years and was last exposed to the hazard of silicosis after the effective date of the act, having become totally disabled in December, 1939.

Section 308 (a), relating to the apportionment of payments made jointly by the employer and the Commonwealth out of the Occupational Disease Fund, provides, in part, as follows: "When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which developed to the point of dis-

ablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall be paid jointly by the employer and the Commonwealth out of moneys to the credit of the Occupational Disease Fund hereinafter created in the State Workmen's Insurance Fund, in accordance with the following provisions: If disability begins between October 1, 1939, and September 30, 1941, both dates inclusive, the employer shall be liable for and pay fifty per centum of the compensation due and the Occupational Disease Fund fifty per centum thereof ......"

The importance of this section cannot be overlooked because it applies alone to silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which requires an exposure of five or more years. In other words, this section applies to the instant case since it is one of silicosis. Clearly, the legislature must have intended that as to these diseases the act was to become effective October 1, 1939, since it specifically provides that if disability begins between October 1, 1939 and September 30, 1941, the employer shall be liable for and pay fifty per centum of the compensation due and the Occupational Disease Fund fifty per centum thereof. This section thus indicates that the legislature contemplated the payment of compensation even in those cases where the disability occurred any time within the first six months of the operation of the act.

It is our opinion that appellee is entitled to compensation under the Act of 1939 and that the apportionment of liability is governed by the provisions thereof.

Judgment affirmed.