## Agostin *v.* Pittsburgh Steel Foundry Corporation, Appellant et al.

Argued April 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellee.

OPINION BY HIRT, J., July 19, 1945:

Claimant had been exposed to a silica hazard in his employment with defendant corporation for more than

eight years prior to January 20, 1938. After that date he was unable to work because of disability from silicosis. He did not have a compensable claim under the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, then in force, because his disability was but partial. In January 1939, he brought an action in trespass against his employer in which a compulsory nonsuit was entered against him, on the authority of *Moffett v. Harbison-Walker Co.*, 339 Pa. 112, 14 A. 2d 111. He later became totally disabled from silicosis, but not until early in November 1939. In the meantime the 1937 act had been repealed by the Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS 1201 which became effective October 1, 1939. On September 16, 1940, claimant filed his petition for compensation for total disability. Upon it the board made an award which was affirmed by the lower court. The Commonwealth, through its insurance board, has not joined in this appeal of the defendant employer from that judgment.

The employment of claimant with defendant corporation ended January 20, 1938. The relation between claimant and his employer was contractual *(McIntyre v. Lavino & Co.*, 344 Pa. 163, 25 A. 2d 163) and it is appellant's contention that the only compensation legislation which they accepted was the 1937 act, and that no liability can be imposed on the employer by the 1939 act, which repealed the former legislation and became effective after the employment ceased. At least a partial answer to that contention is that, by the implied agreement with his employer, claimant surrendered his right of action in tort, in exchange for Workmen's Compensation, and that common law right was never restored; the contract of employment was prospective, contemplating possible total disability in the future and the payment of compensation whenever that condition should occur.

The development of silicosis in an employee, in a sense, is the accident, identifying the employer who

ultimately may be responsible for it if the other statutory requirements are fulfilled. But under §5 of the 1937 act no compensation became payable until the disability had progressed from partial to total. The same provision appears in §301(e) of the 1939 act. In *Jones v. Phila. & Reading C. & I. Co.*, 154 Pa. Superior Ct. 465, 36 A. 2d 252 we held that where total disability from silicosis resulted after October 1, 1939 from prior exposure, the *substantive* right to compensation vested in claimant under the 1939 act, which became effective on that date. We think that, clearly, was the intention of the legislature. The 1939 act was a new code but it continued compensation for occupational disease without interruption. And it has application, in conferring the right to compensation for total disability, though resulting from exposure to a silica hazard which terminated prior to its effective date. Cf. *McIntyre v. Lavino & Co.*, supra; *Silva v. Erie Forge Co.*, 149 Pa. Superior Ct. 251, 27 A. 2d 727. This is so in the present case regardless of the fact that the 1937 act was in effect at the time of the last exposure of claimant and the termination of his employment. The alternative would be to deprive this claimant of every remedy. That this harsh result was not intended is indicated by §302(a) of the 1939 act which provides: "Every contract of hiring, oral, written or implied from circumstances, now in operation, or *made or implied* on or *before* October first, one thousand nine hundred and thirty-nine shall be conclusively presumed to continue ......" (Italics added.) The contract as to compensation for silicosis continued in this case and the right of action accrued under the 1939 act when the disability became total.

Claimant's action is within the limitations of the act. He suffered from silicosis on the date of his last employment, satisfying the provision of §301(c), and his petition was filed within one year after total disability began, in accordance with §315 of the act.

Judgment affirmed.