## Gaydosh *v.* Richmond Radiator Company et al., Appellants.

Argued November 9, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John T. Conner,* with him *John R. Bredin* and *Dalzell, McFall, Pringle & Bredin,* for employer and Travelers Insurance Co., appellants.

*Wade K. Newell,* for plaintiff, appellee.

*S. H. Torchia, Ralph H. Behney* and *T. McKeen Chidsey,* Attorney General, for Commonwealth, appellee.

*Murray J. Jordan,* with him *Fred J. Jordan,* and *William M. Dreher,* for Pennsylvania Manufacturers Association Casualty Insurance Co., appellee.

*V. C. Short,* for Liberty Mutual Insurance Company, appellee.

OPINION BY RENO, J., January 14, 1949:

Admittedly the claimant is entitled to occupational disease compensation, and the only question is which of three insurance carriers is liable for its payment. The referee and the board awarded compensation against the employer, Richmond Radiator Company, the Commonwealth, and the Travelers Insurance Company (hereafter called "Travelers"). Upon appeal the court below affirmed the board, and entered judgment. The case is here upon the appeal of the employer and Travelers in which the Commonwealth did not join. Appellees are Liberty Mutual Insurance Company, Pennsylvania Manufacturers Association Casualty Insurance Company, and the claimant.

Gaydosh was employed by Richmond Radiator Company from May 7, 1927, to January 31, 1947, and during that period was exposed to a silica hazard. On February 1, 1947, his physician informed claimant that he had silicosis of both lungs which had developed to an acute stage and that he must immediately quit his work. The doctor testified that the disease had been contracted sometime prior to January 1, 1947, but that the exact or even approximate date of its inception could not be ascertained. In any event total disability occurred on January 31, 1947, and that was also the date of claimant's last exposure to the hazard.

Travelers covered the risk after January 1, 1947. In 1945 and 1946 it was covered by Liberty Mutual Insurance Company, and in previous years by Pennsylvania Manufacturers Association Casualty Insurance Company.

Travelers contends that, since the disease had its inception prior to the effective date of its policy, the award should not have been made against it, but against that insurer whose policy was in force at the date when the disease was contracted. It builds its whole argument upon a few sentences in *Anderson v. Schroeder,* 159 Pa. Superior Ct. 620, 625, 49 A. 2d 631, where we said: "Under our statute the insurer's liability attached when the employee was afflicted with silicosis. At that time the appellant's policy last issued was in force. Its expiration before the disease caused death did not discharge the existing obligation of the carrier."

When the statement is read in its factual context it becomes crystal clear that it refers to the last exposure. Anderson worked for Schroeder from 1936 to 1942 in a silica-laden atmosphere. During 1943 he was engaged in other employment where he was not subjected to the silica hazard. He became totally disabled by silicosis on January 16, 1944, and death resulted from it on November 7, 1944. The carrier had insured Schroeder's lia-

bility from July, 1939, to July, 1943, and consequently covered the risk during part of Anderson's exposure, including of course his last exposure in 1942. The carrier sought exoneration from liability because its policy was not in effect in 1944 when Anderson became disabled and died. This contention was rejected, and naturally the phrase "afflicted with silicosis" refers to the exposure which has definite significance, that is, the last exposure. The citations of and references to applicable statutory provisions, particularly those on pages 622 and 624, lucidly demonstrate that only the last exposure was contemplated as the time when liability became fixed.

The Occupational Disease Act of June 21, 1939, P. L. 566, as amended, §301 (g), 77 PS §1401, provides: "The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was *last exposed* to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to *silicosis,* anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the *only employer* liable shall be the *last employer* in whose employment the employe was *last exposed* to the hazard of such occupational disease during a period of six months or more after the effective date of this act; and in such cases an exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, and his insurance carrier, if any." (Emphasis added).

The Act fixes definitely the time when liability attaches, and expository discussion is unnecessary. It is the last exposure which imposes liability, and employe's

right to compensation is complete when total disability occurs. *Agostin v. Pittsburgh Steel Foundry Corp.,* 157 Pa. Superior Ct. 322, 43 A. 2d 604, affirmed 354 Pa. 543, 47 A. 2d 680.

Travelers insured the liability of "the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed." A copy of its policy is not in evidence, but Travelers admitted that by its terms it had agreed "to assume the whole liability of this employer under the Pennsylvania Occupational Disease Act of 1939. . . ." One month after Travelers issued its policy the claimant was last exposed to the hazard and that exposure established liability of the employer and his carrier.

Judgment affirmed.