Holahan *v.* Bergen Coal Company et al.,
Appellants.

Argued November 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Hopkin T. Rowlands* with him *White, Rowlands, Aston & Hourigan, J. F. Mahoney* and *B. D. Troutman,* for appellants.

*Richard D. Holahan,* for appellee.

OPINION BY RENO, J., January 14, 1949:

This is an appeal from an award granting compensation for death resulting from anthraco-silicosis under the Occupational Disease Act of 1939. The referee denied compensation on the theory that § 301 (g) requires an exposure of six months or more to a silica hazard sub-

sequent to the effective date of the Act, and that the requisite ninety day notice to the employer had not been given. The referee further concluded that the Eureka Casualty Company was not liable as its policy was terminated prior to the employe's disability or death. These three conclusions of law were vacated by the board and compensation was allowed. The court below dismissed the appeal by the employer and the insurance carrier, entered judgment upon the award, and from that judgment this appeal was taken. The Commonwealth, against which payment of one-half of the compensation was awarded, did not appeal.

Claimant's husband was employed in the anthracite coal mines from 1893 to January 22, 1941 in various capacities. From 1893 to August, 1936 he was employed by the Philadelphia and Reading Coal and Iron Company and from August 21, 1939 until March 13, 1940 by the Bergen Coal Company and from October 1, 1940 to January 22, 1941 he was employed by the Pottsville Coal Company. He died January 24, 1941. His widow filed her claim petition on December 1, 1941.

Appellants raise four questions: (1) Was the employe's death due solely to silicosis? (2) Was there a sufficient period of exposure to comply with § 301 (g) of the Occupational Disease Act? (3) Was there an exposure to a silica hazard during an aggregate employment of four years for a period of eight years next preceding the date of death? (4) Was the action brought within the requisite period of time? These questions will be answered in the affirmative, and the judgment will be affirmed.

(1) The Occupational Disease Act of June 21, 1939, P. L. 566, as amended, § 301 (e), 77 PS § 1401, provides that compensation is only payable for total disability or death caused solely (as distinguished from a contributory or accelerating cause) by silicosis, anthraco-silicosis, or

asbestosis, either alone or accompanied by active pulmonary tuberculosis.

The board found the deceased became totally disabled and died as the result of anthraco-silicosis. The attending physician testified: "The cause of death was given [in the certificate of death] as 'coronary embolism, probably'. Mr. Holahan had anthraco-silicosis in an advanced stage. He died so suddenly when this occurred that the man was dead when I arrived there. *In my opinion the death was due to anthraco-silicosis which produced this embolism*, whether coronary or pulmonary." (Emphasis added.) In answer to a question by the referee, the doctor testified that anthraco-silicosis was the primary cause of death.

The deceased did not have to be entirely free of physical infirmities save the fatal silicosis in order for that disease to be the sole cause of death within the meaning of the Act. The mere existence of some independent physical weakness, as a passive factor in causing death, is insufficient to deprive the silicosis of its character as the sole producing cause which terminated the employe's life. *Treaster v. North American Refractories Co.*, 156 Pa. Superior Ct. 567, 41 A. 2d 53. The silicosis must be the active agency causing death as distinguished from a "passive ally". If the silicosis only contributes to or accelerates death then by the express language of the Act it is not compensable. *Stauffer v. Hubley Mfg. Co.*, 151 Pa. Superior Ct. 322, 30 A. 2d 370.

Under the Occupational Disease Act the board is the ultimate fact finding body. *Tokash v. Early Foundry Co.*, 157 Pa. Superior Ct. 467, 43 A. 2d 553; *Jaloneck v. Jarecki Mfg. Co.*, 157 Pa. Superior Ct. 609, 43 A. 2d 430. Its findings will not be disturbed where, as here, they are supported by substantial competent evidence.

(2) Section 301 (g) of the Occupational Disease Act, *supra*, provides: "The employer liable for the compensation provided by this article shall be the employer in

whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more after the effective date of this act; and in such cases an exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, and his insurance carrier, if any." This section pertains to the liability of successive employers.[1] Appellants construe this section to mean that there must be an exposure for at least six months from and after October 1, 1939, the effective date of the act, to render the employer liable. The deceased was employed by the defendant for only five months thirteen days after the effective date, but he had been exposed to the occupational hazard with his last employer for six months and twenty-three days.

This section was before us in *Silva v. Erie Forge Co.*, 149 Pa. Superior Ct. 251, 27 A. 2d 727, where the claimant had been employed for thirteen years by the same employer and was totally disabled on December 12, 1939, less than three months after the effective date of the Act. In allowing compensation we pointed out that § 301 (g) provides that the employer in whose employ the employe was last exposed to the hazardous occupational disease

---

[1] It was agreed by counsel for the appellants that the deceased was exposed to a silica hazard during his period of employment with the Bergen Coal Company. There was no evidence of an exposure to an occupational disease during his employment with the Pottsville Coal Company and it was eliminated as a party defendant.

was liable regardless of the length of time of the exposure. But we stated that certain occupational diseases such as silicosis, anthraco-silicosis, asbestosis and other occupational diseases which required an exposure of five years or more were an exception under the Act. In the latter type of disease, after October 1, 1939, *the exposure had to be for six months or more.* Therefore, after October 1, 1939, liability attaches to the last employer after an exposure to a silica hazard for at least six months. But this does not mean that the six months must occur subsequent to the effective date of the Act.

(3) Section 301 (d) of the Occupational Disease Act, supra, allows compensation for silicosis and anthraco-silicosis only if there is an aggregate employment in this Commonwealth for at least four years during a period of eight years next preceding the date of disability, in an occupation having a silica hazard.

However, periods of exposure may be combined to reach the requisite four years but not periods of employment where there was no exposure to a hazardous occupational disease even though the employer is the same. *Tokash v. Early Foundry Co.,* supra; *Bingaman v. Baldwin Locomotive Works, Inc.,* 159 Pa. Superior Ct. 29, 46 A. 2d 512.

The deceased was certainly exposed to a silica hazard since January 22, 1933 (eight years preceding the date of disability, January 22, 1941); for three years, seven months and nine days while in the employ of the Philadelphia and Reading Coal and Iron Company; and for six months, twenty-three days while employed by the appellant. Thus there was aggregate exposure of more than four years which meets the statutory requirement.

(4) Section 311 of the Occupational Disease Act, supra, provides that notice of disability must be given to the employer within fourteen days after the disability begins and unless such notice is given within ninety days no compensation is allowed. The omission to give the

ninety day notice is fatal to a claim. *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A. 2d 280. The statute of limitations starts to run from the date of total disability. *Roschak v. Vulcan Iron Works*, supra; *Agostin v. Pittsburgh Steel Foundry Corp.*, 157 Pa. Superior Ct. 322, 43 A. 2d 604, affirmed 354 Pa. 543, 47 A. 2d 680.

While any claim by the employe would be barred the question is what effect the failure to give notice has on the rights of the widow. Under the Workmen's Compensation Act that right was held to be independent and not derivative. *Rossi v. Hillman Coal & Coke Co.*, 145 Pa. Superior Ct. 108, 20 A. 2d 879; *Polk v. Western Bedding Co.*, 145 Pa. Superior Ct. 142, 20 A. 2d 845; *Lambing v. Consolidation Coal Co.*, 161 Pa. Superior Ct. 346, 54 A. 2d 291. The Occupational Disease Act is a supplement to the Workmen's Compensation Act of 1915, as amended. *Jones v. Philadelphia & Reading Coal & Iron Co.*, 154 Pa. Superior Ct. 465, 36 A. 2d 252. Both Acts provide that claims for compensation shall be barred unless brought within one year. Claimant had merely an inchoate right to compensation until her husband's death. At that time her right accrued, and this action is not barred since she filed her claim petition within one year.

The board properly held the Eureka Casualty Company liable on its policy. The deceased's last exposure to a silica hazard was on March 13, 1940, and Eureka was the insurance carrier at that time. See *Anderson v. Schroeder Monumental Works*, 159 Pa. Superior Ct. 620, 49 A. 2d 631; *Gaydosh v. Richmond Radiator Co.*, 164 Pa. Superior Ct. 154, 63 A. 2d 502.

Judgment affirmed.