Opinion by
Reno, J.,
Claimant Karoly was totally disabled by anthracosilicosis on October 26, 1946. There is no dispute about that fact, and he is not a party to this appeal. The only question here presented is: Who shall assume and pay his occupational disease compensation? That controversy is exclusively between Jeddo-Highland Coal Company, appellant, his employer, which until September 1, 1946, ivas a self-insurer of its own compensation risks, and State Workmen’s Insurance Fund, appellee, Avhich on that date became the employer’s insurance carrier. The Commonwealth, against whose occupational disease fund 20% of the compensation was assessed, did not appeal.
The referee and the board found the above facts [1] *573 and, additionally, that claimant had been “laid off” on June 10, 1946, and that “after working one shift on December 18th, 1946, he finally quit and notified his boss that he was too sick to continue working.” Applying Anderson v. Schroeder Monumental Works, 159 Pa. Superior Ct. 620, 49 A. 2d 631, the board held that, since claimant became afflicted on October 26, 1946, after the state fund became the carrier, it was liable upon its policy.
The court below, relying upon Gaydosh v. Richmond Radiator Co., 164 Pa. Superior Ct. 154, 63 A. 2d 502, which explained the Anderson case, reversed the board, and by its judgment imposed liability upon Jeddo-Highland because the date of the last exposure to the occupational hazard was June 10,1946, when the employer was its own carrier. The judgment will be affirmed.
The date upon which claimant became afflicted is not decisive in a contest between successive employers or their insurers. The employe’s last exposure to the occupational hazard imposes liability and his right to compensation is complete when total disability occurs. The Pennsylvania Occupational Disease Act of June 21,1939, P. L. 566, as amended, §301 (g), 77 P. S. §1401. Gaydosh v. Richmond Radiator Co., supra, followed in Holahan v. Bergen Coal Co., 164 Pa. Superior Ct. 177, 63 A. 2d 504 (allocatur refused, Id xxv). See also Agostin v. Pittsburgh Steel Foundry Corp., 157 Pa. Superior Ct. 322, 43 A. 2d 604, affirmed 354 Pa. 543, 47 A. 2d 680; and Silva v. Erie Forge Co., 149 Pa. Superior Ct. 251, 27 A. 2d 727.
The last day on which claimant worked and his last exposure before total disability ensued was June 10, 1946. He became totally disabled on October 26, 1946, and on that day his right to compensation was fixed and complete. Work performed after that date could not *574 deprive him of his completed right to compensation, unless it demonstrated that he was in fact not actually totally disabled before that time. As to that the referee found upon sufficient competent evidence that on December 18, 1946, claimant “did very little work . . . and became sick.” His efforts on that day, far from proving ability to work, definitely established his weakness and his total disability.
Apart from its contention that the appeal is ruled by the Anderson case, which contention we have overruled, appellant mainly relies upon claimant’s averment in his claim-petition that he became totally disabled on December 18, 1946, a contention it made before the referee. However, upon clearly sufficient medical testimony, the referee found that he became totally disabled on October 26, 1946. In its appeal to the board appellant did not except to that finding. To the contrary, it expressly adopted that date as the day when total disability occurred, and its exception raised only a question of law.[2] Notwithstanding the averment in the claim-petition, appellant, having failed to except to the referee’s finding, is bound by it, and cannot now contend otherwise. A party who fails to except to a material finding of fact by a referee or to his failure to find a specific fact in an appeal to the board may not question the referee’s findings in the common pleas or this Court. Walker v. Nu-Car Carriers, Inc., 164 Pa. Superior Ct. 246, 63 A. 2d 484; Forsythe v. Harrison Twp., 157 Pa. Superior Ct. 433, 43 A. 2d 366; Vadnal v. Krsul-Kutchel Coal Co., *575 149 Pa. Superior Ct. 269, 27 A. 2d 709; McDermott v. Sun Indemnity Co., 131 Pa. Superior Ct. 60, 198 A. 499; Nesbit v. Vandervort & Curry, 128 Pa. Superior Ct. 58, 193 A. 393.
Appellant not only accepted tlie finding but made it the premise for its argument before the board and in the court below that October 26tli was the date which imposed liability. The board erroneously accepted that view; the court below properly rejected it; and, whatever may have been its position before the referee, appellant cannot now stand upon a proposition inconsistent Avith the theory it advanced before the board and the court. It cannot ask us, in the face of the referee’s findings, to adjudicate December 18th as the date of his last exposure and the date when total disability occurred.
Judgment affirmed.

 ATlie referee's material findings of fact, confirmed by tbe board, are: “a. Tbe claimant had worked in the mines of the defendant for thirty-five years immediately preceding June 10, 1946. During this entire period, he was continuously exposed to an anthraco-silicosis hazard. 6. On December 18, 1946, the claimant reported for work with the defendant. He did very little work on that day and became sick. He has not worked since that time. ... 10. We find as a fact that on October 26,1946, the claimant became totally disabled by anthracosilicosis. with a superimposed active pulmonary tuberculosis. He had *573 been contracting this disease for more than five years to the date of his last employment and contracted it as a result of his employment in the anthracite mines.”

 The only exception filed by appellant in its appeal to the board from the decision of the referee follows: “The claimant (if entitled to recover at all), would be entitled to recovery against the State Workmen’s Insurance Fund, which became the insurance carrier for the defendant on September 1, 1946; while the 10th Finding of Fact of the Referee is to the effect that it was not until October 26, 1946 that the claimant became totally disabled by anthraco-silieosis with a super imposed active pulmonary tuberculosis.”