## Busacco v. Knox Coal Co. et al.

Before Aponick, Flannery and Pinola, JJ.

*Thomas L. Kennedy, Jr.*, for claimant.

*Franklin B. Gelder*, for defendant.

*R. H. Behney, Clarence A. Whitehouse, Andrew J. Zawoiski* and *A. F. X. D'Iorio*, for Commonwealth.

PINOLA, J., July 11, 1951.—It is admitted that claimant was entitled to compensation and the sole question involved in this appeal is: Shall the Commonwealth contribute 20 percent or 10 percent?

The facts, which are not in dispute, are as follows:

Claimant was employed by the Saporito Coal Company from January 7, 1940, to July 31, 1943, at its tipple. On or about August 1, 1943, there was a

change of ownership, and thereafter claimant was employed at the same tipple by the Knox Coal Company until November 1945. From November 1945 to November 3, 1946, claimant was employed by defendant as a brakeman. During all these times claimant was exposed to a silica hazard.

From February 1, 1947, to January 8, 1949, claimant was employed by the Plains-Hilldale Coal Company as an outside foreman and during that period he was not exposed to a silica hazard.

On January 31, 1949, claimant filed a petition pursuant to the provisions of the Occupational Disease Act, averring that he became totally disabled on January 12, 1949.

After hearing, the referee found as a fact that claimant was last exposed to a silica hazard on November 3, 1946, and became totally disabled, as a result of anthraco-silicosis, on January 12, 1949. He awarded compensation for the resulting disability, imposing a liability of 10 percent of the award upon the Commonwealth of Pennsylvania. Later, he amended the award and imposed a 20 percent liability on the Commonwealth. Thereupon the Commonwealth appealed to the Workmen's Compensation Board, which affirmed the referee. This appeal followed.

## Discussion

The Commonwealth contends and, we believe rightly, that under section 308(a) of the Occupational Disease Act of June 21, 1939, P. L. 566, sec. 308, as amended, 77 PS §1408, the award in this case should be apportioned on a 90-10 percent basis.

The insurance carrier for defendant insists that the liability of the employer is fixed as of the date of the last exposure to a silica hazard, to wit, November 3, 1946, and, therefore, the apportionment should be on a 80-20 percent basis.

Section 308(a) provides:

"When compensation is awarded, because of disability or death caused by silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall be paid jointly by the employer and the Commonwealth, in accordance with the following provisions:—If disability begins between October 1, 1939, and September 30, 1941, both dates inclusive, the employer shall be liable for and pay fifty per centum of the compensation due and the Commonwealth fifty per centum, thereof. Thereafter, depending upon the date when disability begins, the proportions of compensation for which the employer and the Commonwealth shall respectively become liable shall be:—If disability begins between October 1, 1941, and September 30, 1943, the employer sixty per centum and the Commonwealth forty per centum; if between October 1, 1943, and September 30, 1945, the employer seventy per centum and the Commonwealth thirty per centum; if between October 1, 1945, and September 30, 1947, the employer eighty per centum and the Commonwealth twenty per centum; if between October 1, 1947, and September 30, 1951, the employer ninety per centum and the Commonwealth ten per centum. The employer shall pay the full amount of compensation provided in this Act for disability or death in all cases where disability begins on or after October 1, 1951."

There is no doubt that as between successive employers or their insurers, the date of last exposure to a silica hazard governs: Karoly v. Jeddo-Highland Coal Company et al., 166 Pa. Superior Ct. 571; Gronski v. Jeddo-Highland Coal Company, 168 Pa. Superior Ct. 605, 41 Luz. 276.

That conclusion is inevitable because, under section 301($g$) of the act, 77 PS §1401, that employer is made responsible for whom the employe was working when "last exposed to the hazard of the occupational disease claimed."

That section provides:

"The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more after the effective date of this Act: and in such cases an exposure during a period of less than six months after the effective date of this Act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this sub-section, and his insurance carrier, if any."

The date upon which claimant became afflicted is not decisive. The employe's last exposure to the occupational hazard imposes liability and his right to compensation is complete when total disability occurs. However, when we come to the apportionment of the award, the date of total disability does become important.

It is quite apparent that the two sections involved deal with entirely different subjects. Section 308($a$) deals with "disability" and section 301($g$) deals with "liability".

It is obvious that section 308($a$) effectuates the purpose expressed in the title, part of which reads:

"An Act . . . imposing upon the Commonwealth a part of the compensation payable for certain occupational diseases."

This section, in one single sentence, fully and succinctly sets forth the obligation imposed. "When compensation is awarded because of disability", partial in some cases and total as in the instant case, the liability of the Commonwealth is imposed according to a scale of decreasing percentages dependent upon the date when "disability begins".

It is crystal clear that the word "disability" and the phrase "after disability begins", as used in this section, refer to disability either partial or total. The obligation of the Commonwealth is based upon disability and the time when it occurs. It is not based upon the time which determines the employer to be held liable.

Section 308 as applied to the instant case would read as follows:

"When compensation is awarded for (total) disability caused by anthraco-silicosis . . . the compensation for (said) disability . . . shall be paid . . . in accordance with the following provisions: If (said) disability begins between October 1, 1945, and September 30, 1947, the employer eighty per centum and the Commonwealth twenty per centum; if between October 1, 1947, and September 30, 1951, the employer ninety per centum and the Commonwealth ten per centum."

This result must follow because the legislature has expressly directed that in construing laws: "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage . . .": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 33, 46 PS §533; and it has further directed that: "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit":

Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551.

And, as President Judge Rhodes declared in Sky et al. v. Keystone Mutual Casualty Co., 150 Pa. Superior Ct. 613, 618:

"Unless some reason appears for limiting the scope of the general words used in the act, those words will be given their ordinary and common meaning."

The cases cited by the insurance carrier do not govern. They simply stand for the proposition that as between employers and carriers, that employer is responsible for whom claimant last worked subject to a silica hazard.

While the Commonwealth's liability is purely derivative, since in every case it is predicated upon a final award, or judgment thereon entered against the employer, its obligation to pay a part of the compensation in this class of cases is an assumed gratuity in relief of an employer primarily liable, and, under such circumstances, the Commonwealth had the right to fix the time when disability becomes complete as the time which determines the apportionment under the schedule of dates. Of this the employer cannot complain.

Accordingly, we enter the following

*Order*

Now, July 11, 1951, the appeal is sustained, the action of the board is reversed, and judgment is directed to be entered in favor of claimant, Cataldo Busacco, against Knox Coal Company and the Commonwealth of Pennsylvania; and defendant, the Knox Coal Company, by and through its insurance carrier, the Eureka Casualty Company, and the Commonwealth of Pennsylvania are directed to pay compensation to claimant at the rate of $20 per week, beginning February 1, 1949, and continuing within the limitations of the Occupational Disease Act, but not to exceed the sum of $4,000.

The weekly payments of compensation shall be prorated by defendants as follows: Knox Coal Company, by and through its insurance carrier, the Eureka Casualty Company, shall pay 90 percent of each installment, and the Commonwealth of Pennsylvania shall pay 10 percent. Interest shall be payable on deferred installments of compensation from the due date thereof.