Pekorofsky *v.* Glen Alden Coal Company, Appellant.

Argued March 3, 1952. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent.)

*C. A. Whitehouse,* Assistant Counsel, with him *S. H. Torchia,* Assistant Counsel, *Ralph H. Behney,* Counsel and *Robert E. Woodside,* Attorney General, for Commonwealth, appellant.

*J. H. Oliver,* with him *Franklin B. Gelder,* for employer, appellee.

*Thomas L. Kennedy, Jr.,* for Joseph Pekorofsky, claimant, appellee.

OPINION BY ROSS, J., July 17, 1952:

This case arose under the Pennsylvania Occupational Disease Act. Claimant, Joseph Pekorofsky, was last exposed to a silica hazard on June 24, 1947 when employed by the Glen Alden Coal Company. He became totally disabled by reason of anthracosilicosis on October 21, 1947. It is admitted that the claimant is entitled to compensation. The contest is between the employer and the Commonwealth, and the only question is whether the compensation payments should be apportioned between employer and Commonwealth on an 80%-20% basis or on a 90%-10% basis. The referee directed Glen Alden to pay 90% of the compensation and the Commonwealth to pay 10%; the board reduced the employer's share to 80% and increased that of the Commonwealth to 20%; the Court of Common Pleas of Lackawanna County dismissed the Commonwealth's appeal, thus holding that compensation should be apportioned on an 80%-20% basis. This appeal by the Commonwealth followed.

The case turns upon an interpretation of section 308(a) of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, No. 284, 77 PS sec. 1408, which provides in part as follows: "(a) When compensation is awarded because of disability or death

caused by silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such diseases shall be paid jointly by the employer and the Commonwealth, in accordance with the following provisions: If disability begins . . . between October 1, 1945, and September 30, 1947, the employer eighty per centum and the Commonwealth twenty per centum; if between October 1, 1947 and September 30, 1951, the employer ninety per centum and the Commonwealth ten per centum." The appellee-employer contends that the last day of exposure fixed the Commonwealth's liability as well as its own. If this contention is sound, it follows, of course, that appellee's liability was properly limited to 80% of the compensation benefits since the day of last exposure fell within the period October 1, 1945 and September 30, 1947. It is the Commonwealth's contention, on the other hand, that when the statute says "if disability begins" between certain dates it discloses the intention of the legislature to fix the respective obligations of employer and Commonwealth as of the date when the claimant became totally disabled. The date of total disability in the case at bar fell within the period October 1, 1947 and September 30, 1951, a period during which the obligation of the Commonwealth was limited to 10% of the compensation payments.

Primarily it would seem that the appellee has a difficult obstacle to overcome because it would have been a simple matter for the legislature to insert the phrase "if the last exposure occurs" where it used "if disability begins" and thus render its intention clear beyond question. This obstacle the appellee seeks to overcome by directing attention to cases decided by this Court, cases which the appellee contends stand for the proposition that the last *date of exposure* prior to the beginning of

total *disability* fixes the liability of both the employer and the Commonwealth.

The appellee cites *Polk v. Western Bedding Co.,* 145 Pa. Superior Ct. 142, 20 A. 2d 845. The *Polk* case was a workmen's compensation case in which the only question involved was whether claimant's admitted right to compensation for her husband's death was to be computed according to the schedule for compensation in force when he was injured or according to the schedule in force at the time of his death. We held that the schedule in force at the time of the accident controlled because it was a part of the statute which formed a part of the contract of employment between decedent and employer.

In *Gaydosh v. Richmond Radiator Co.,* 164 Pa. Superior Ct. 154, 63 A. 2d 502, it was admitted that the claimant was entitled to occupational disease compensation and the only question was which of three insurance carriers was liable for its payment. The relevant facts were these: Claimant was employed by Richmond Radiator from May 7, 1927 to January 31, 1947, and during that period exposed to the silica hazard. Total disability occurred on January 31, 1947, and that, of course, was also the date of claimant's last exposure to the hazard. Travelers Insurance Company carried the risk after January 1, 1947; Liberty Mutual Insurance Company was the insurer in 1945 and 1946; and Pennsylvania Manufacturers Association Casualty Company carried the risk prior to 1945. Travelers contended that, since the disease had its inception prior to the effective date of its policy, the award should not have been made against it, but against the insurer whose policy was in force when the disease was contracted. We held that Travelers was liable, relying on section 301(g) of the Pennsylvania Occupational Disease Act, 77 PS 1401, which provides: "The employer liable for the compensation provided by this article shall be the

employer in whose employment the employe was *last exposed* to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to *silicosis*, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the *only employer* liable shall be the *last employer* in whose employment the employe was *last exposed* to the hazard of such occupational disease during a period of six months or more after the effective date of this act: and in such cases an exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, and his insurance carrier, if any." (Italics are those of Judge Reno, the opinion writer.) We stated at pages 157 and 158: "The Act fixes definitely the time when liability attaches, and expository discussion is unnecessary. It is the last exposure which imposes liability, and the employe's right to compensation is complete when total disability occurs. . . . Travelers insured the liability of 'the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed'."

In *Anderson v. Schroeder Monumental Works,* 159 Pa. Superior Ct. 620, 49 A. 2d 631, the claimant filed a petition claiming compensation for total disability resulting from silicosis contracted while in the employ of Schroeder Monumental. Claimant worked for Schroeder as a granite cutter from April 23, 1936 to December 24, 1942. His next work was for the Hunter Manufacturing Company boring tetryl powder out of shells, from January 4, 1943 to January 16, 1944, when he became totally and permanently disabled. The compensation authorities found that claimant had con-

tracted silicosis while in the employ of Schroeder Monumental or within a year thereafter. The employer's insurance carrier contended that it was not liable because disability did not occur until January 16, 1944, or six months after its policy with the employer had expired. The theory of the insurer was that the date of disability rather than the date of last exposure determined the liability of the employer. The policy of the insurer was in effect from July 13, 1939 to July 13, 1943. We held that the provisions of section 301(g) ruled the question, and stated that the date of last exposure gave rise to the ultimate liability but that no compensation was payable until disability became total. We said further that there is a sound reason for the extension of time that protection is afforded for an occupational disease resulting from exposure to unhealthful conditions over a long period. In such cases disability often does not manifest itself until after employment has ceased. If the date of disability determined liability, a claimant whose employment had terminated prior to that date would be left without a remedy.

In *Karoly v. Jeddo-Highland Coal Co.*, 166 Pa. Superior Ct. 571, 73 A. 2d 214, claimant became totally disabled by anthraco-silicosis on October 26, 1946. Prior to that, on June 10, 1946, he had been "laid off", and after working one shift on December 18, 1946, he quit and notified the employer that he was too sick to continue working. The employer was a self-insurer of its own compensation risks until September 1, 1946. The State Workmen's Insurance Fund became the employer's insurance carrier on that date. The board held that, since claimant became totally disabled on October 26, 1946, after the state fund became its carrier, it was liable on its policy. The court below reversed the board and imposed liability on the employer because the date of last exposure to the silica hazard

was June 10, 1946, and on that date the employer was its own carrier. From that judgment the employer appealed. We affirmed the judgment of the court below and in an opinion by Judge RENO stated at page 573: "The date upon which claimant became afflicted is not decisive *in a contest between successive employers or their insurers.* The employe's last exposure to the occupational hazard imposes liability and his right to compensation is complete when total disability occurs." (Italics supplied.)

In *Gronski v. Jeddo-Highland Coal Co.,* 168 Pa. Superior Ct. 605, 81 A. 2d 590, the question was again who should pay compensation to which the claimant was entitled under the Occupational Disease Act. The last exposure was June 18, 1946, when claimant last worked for the employer. We held in a per curiam opinion that, since this was prior to September 1, 1946, the date of issue of the insurance policy of the State Workmen's Insurance Fund, the employer and not the fund was liable for payment of compensation. *Karoly v. Jeddo-Highland Coal Co.,* supra, was followed.

The Commonwealth argues that contests between successive employers or insurers decided with reference to the terms of section 301(g) shed no light on a case in which the dispute is between an employer and the Commonwealth which must be resolved under section 308(a) of the Act. With that contention we agree. The language of the two sections is totally dissimilar. Section 301(g) fixes liability as between employers or their insurers as of the date of "last exposure". Section 308(a), on the other hand, provides that the obligations of employer and Commonwealth are to be fixed as of the date when "disability begins". We think the effect of the two sections is this: The *liability* of an employer to pay compensation is fixed as of the date of last exposure, while the *duty* to make such payments and the *amount* thereof becomes fixed

upon the date when disability occurs. The Commonwealth's obligation to pay a part of the compensation is an assumed gratuity in relief of an employer, primarily liable. *Heinrich v. Commonwealth,* 166 Pa. Superior Ct. 97, 70 A. 2d 472.

The reason the legislature employed different language in sections 301(g) and 308(a) seems apparent and completely reasonable. In 301(g) the date of last exposure is used to fix the employer's liability because if the date of disability determined liability, a claimant whose employment had terminated prior to that date would be left without a remedy. *Anderson v. Schroeder Monumental Works,* supra, 159 Pa. Superior Ct. 620, 49 A. 2d 631. Section 308(a), on the other hand, represents the Commonwealth's effort to aid employers during a period of adjustment to the burden of the Act. An employer's need for assistance arises only when the time to pay compensation arrives, that is, when total disability occurs. It is logical that the Commonwealth's proportionate share of the compensation should be ascertained at the time when the employer's *duty* to pay compensation comes into existence and not at some earlier date when his *liability* to pay is fixed. We think the conclusion is inescapable that when the legislature wanted a result controlled by the date of last *exposure,* it said so in so many words as it did in section 301(g). When, on the other hand, the date of *disability* was intended to control, the legislature was equally explicit. We conclude, therefore, that the proportionate liability of the employer and the Commonwealth is determined by the admitted date of disability (October 21, 1947) of the claimant in this case.

The order of the court below is reversed, and the record is remanded with direction to enter judgment in accordance with this opinion.