475 A.2d 1323

**INSURANCE COMPANY OF NORTH AMERICA, Appellee,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Stanton DETTENMEYER), Appellants.**

Supreme Court of Pennsylvania.

Argued April 11, 1984.

Decided May 31, 1984.

590

Anthony J. Piazza, Scranton, for appellant.

Donald T. Rogers, Wilkes Barre, for Insurance Co. of North America.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

PAPADAKOS, Justice.

This is an appeal by Stanton Dettenmeyer from a Commonwealth Court Order, 458 A.2d 329, reversing that part of a Workmen's Compensation Appeal Board order holding Insurance Company of North America (INA) liable for the total disability benefits of Dettenmeyer.

Stanton Dettenmeyer worked for Crown Weaving Corporation for twenty-two years. During the course of his employment, Dettenmeyer was exposed to raw cotton fibers and developed byssinosis, an occupational disease commonly referred to as "white lung." Due to the advanced condition of this disease, he was forced to reduce his work week from forty to twelve hours per week, beginning January 2, 1975.

On January 28, 1975, INA cancelled its Workmen's Compensation coverage of Crown Weaving due to the latter's failure to pay premiums. Six weeks later, on March 14, 1975, Dettenmeyer was forced to stop work completely due

to the byssinosis. The Referee ordered, and the Workmen's Compensation Board affirmed, that either Crown Weaving or INA pay partial disability benefits from January 2, 1975, and total disability benefits from March 14, 1975. Crown Weaving is now bankrupt. INA appealed and the Commonwealth Court held that INA was responsible for the payment of benefits for temporary partial disability but not for Dettenmeyer's total disability benefits. The Commonwealth Court cited their decision in *Ertz v. Glen Nan, Inc.,* 29 Pa.Cmwlth. 409, 412, 371 A.2d 533, 535 (1977), holding that "the last moment of the employee's exposure" controlled the liability of the insurance carrier. Since INA did not insure Crown Weaving's employees at Dettenmeyer's "last moment of exposure," Commonwealth Court held that INA was not responsible for his total disability benefits. We disagree.

In *Ertz,* the relevant facts were these: Ertz was employed as an anthracite coal miner and worked on the 11:00 p.m. to 7:00 a.m. shift. The last shift worked by Ertz began at 11:00 p.m. on February 21, 1974, and ended at 7:00 a.m. on February 22, 1974. During that shift, the insurance coverage of one carrier ended at 12:01 a.m. on February 22, while a second carrier's coverage commenced at precisely the same moment. The Commonwealth Court held that the employee's *last moment* of exposure to the occupational hazard fixed the liability of both the employer and his insurance carrier, and, therefore, placed the entire burden for total disability benefits on the second carrier. This result was correct but it is hereby limited only to the situation where the employer found liable for the total disability benefits of an employee has had successive insurance carriers. This is not the situation in the present case and, therefore, *Ertz* is inapplicable.

Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act[1] provides:

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 7 of the Act of October 17, 1972, P.L. 930, 77 P.S. Section 411(2).

The employer liable for compensation provided by section 305.1 of section 108, subsections (k), (*l*), (m), (*o*), (p) (byssinosis) or (q), shall be the employer in whose employment the employe was last exposed for a period of not less than one year to the hazard of the occupational disease claimed. In the event the employe did not work in an exposure at least one year for any employer during the three hundred week period prior to disability or death, the employer liable for the compensation shall be that employer giving the longest period of employment in which the employe was exposed to the hazards of the disease claimed.

The language of this statute is explicit: the employee's last exposure controls, but the last exposure must be for a period of not less than one year. If the employee did not work under the hazard at least one year for any employer during the three hundred week period prior to disability, then the employer giving the longest period of employment in which the employee was exposed to the hazards of the disease claimed shall be liable for compensation, as will that employer's insurance carrier since the liability of the insurance carrier attaches at the same moment as that of the employer. *Gaydosh v. Richmond Radiator Co.*, 164 Pa.Superior 154, 63 A.2d 502, 504 (1949).

■ In the instant case, Dettenmeyer became partially disabled due to byssinosis on January 2, 1975; that is the date when the liability of both the employer and the insurance carrier attached. The expiration of the insurance policy before the disease caused total disability does not discharge the existing obligation of the insurance carrier. *Anderson v. Schroeder Monumental Works*, 159 Pa.Superior 620, 625, 49 A.2d 631, 634 (1946).

As we stated in *McIntyre v. Lavine and Co.*, 344 Pa. 163, 169, 25 A.2d 163, 166 (1942):

Surely it was not intended that, if an occupational disease arising in the course of the employment culminated in a disability which manifested itself after the employment had ceased, the disability could not be the subject of

compensation, for otherwise, after an employe had been exposed to the hazard for years and the seeds of occupational disease had been sown in his body, his employer could discharge him and thus avoid compensation liability for a resulting disability which might reveal itself shortly, or even immediately, thereafter. To uphold appellant's contention we would leave the claimant without any remedy in many cases.

■ Thus, even if Dettenmeyer's disease had manifested itself after he left the employ of Crown Weaving, INA would be liable since it was the insurance carrier at the time Section 301(c)(2) imposes liability for an employee's exposure to byssinosis.

The Order of the Commonwealth Court denying total disability benefits is reversed.