Federal Insurance Company, Petitioner *v.* Workmen's Compensation Appeal Board (General Air Freight, Division of DCI International, Inc. and Transport Indemnity Company and Bernacki), Respondents.

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Richard D. Harburg, Swartz, Campbell & Detweiler,* for petitioner.

*William J. McKee,* with him, *Walter J. Timby, Jr.,* and *Thomas R. Bond, LaBrum and Doak,* for respondents.

OPINION BY JUDGE PALLADINO, September 13, 1985:

The question presented in this appeal is which of two workmen's compensation insurance carriers is responsible for making workmen's compensation payments to Claimant, William Bernacki.

Claimant worked for General Air Freight (GAF), a company which became a division of DCI International, Inc. (DCI) in October of 1974. This consolidation was effectuated by an agreement of sale in which DCI agreed to purchase all of the assets of GAF, including its insurance policies. At the time of the sale, each company had a workmen's compensation carrier; GAF was insured by Petitioner, Federal Insurance Company (Federal), and DCI was insured by Transport Indemnity Company (Transport). On November 1, 1974, Federal endorsed its policy with GAF to include DCI under its coverage, and Transport likewise endorsed its policy with DCI to include GAF. The dual endorsements were made pending clarification of the relationship between DCI and GAF. The period of coverage of the policy between GAF and Federal was from July 1, 1974 to July 1, 1975.

In March of 1975, Federal received a request from GAF/DCI that it cancel the workmen's compensation policy, with an effective date retroactive to October 16, 1974, the date GAF became a division of DCI. No formal cancellation notice was sent to DCI because the

policy expired on July 1, 1975. Federal did return to GAF/DCI the excess premium due on the policy.

Claimant sustained a work-related injury on January 10, 1975, and as a result is now totally disabled. Federal, believing that it might be liable to Claimant for workmen's compensation benefits, paid Claimant benefits from January 11, 1975 to July 13, 1978 at the rate of $114.00 per week, and also paid medical expenses totalling $551.32. Neither Federal nor GAF/DCI filed a notice of compensation payable. This case was initiated by Federal, when it filed a document entitled Claim Petition, requesting a determination as to whether Transport should be responsible for Claimant's compensation. At this point Claimant also filed a claim petition requesting compensation. The referee dismissed Federal's claim petition and acted upon Claimant's petition. The referee found that Claimant had sustained a work-related injury on January 10, 1975 while employed by GAF/DCI. The referee held that on the date of the injury GAF/DCI was insured by Transport Indemnity Company, and ordered Transport to pay Claimant workmen's compensation, with back payments from January 11, 1975, plus medical expenses. The referee further ordered Claimant to reimburse Federal for the monies mistakenly paid to him, an amount in excess of $21,000.00.

The Board, on appeal, held that the cancellation of Federal's workmen's compensation policy with GAF/DCI was ineffective because it occurred after Claimant's injury. The Board concluded that GAF/DCI had dual coverage as of January 10, 1975, and ordered the two insurers to assume an equal share of the compensation payments and any medical expenses. Transport was also ordered to reimburse Federal in the amount of $10,706.66, half of the payments already made by Federal. The Board relieved Claimant of any responsibility for reimbursement.

Federal, in this appeal, argues that the Board erred in holding that GAF/DCI was dually insured on January 10, 1975, thereby reversing the referee's conclusion that Transport was the liable insurance carrier.

We are presented with a finding of fact of the referee which contravenes the legal premise that for workmen's compensation purposes the insurance carrier or carriers in place on the date of the injury are liable for payment. *See Insurance Company of North America v. Workmen's Compensation Appeal Board (Dettenmeyer)*, 504 Pa. 589, 475 A.2d 1323 (1984). The referee's decision in this case would permit an insurance carrier to wipe out its liability after the injury. This result we cannot accept. Although in the instant case no harm would result to Claimant, because another carrier was also insuring Claimant's employer, we will not allow retroactive cancellation of an insurance policy with respect to an injury which has already occurred.

We must agree with the Board that the cancellation of Federal's policy was ineffective, and that GAF/DCI was insured by two carriers on the date of Claimant's injury.

Accordingly, the order of the Board, which held that both Federal and Transport shall equally share the liability for Claimant's injury is affirmed.

## ORDER

AND Now, September 13, 1985, the order of the Workmen's Compensation Appeal Board at No. A-79578, dated January 27, 1983, is affirmed.

Judge BARRY did not participate in the decision in this case.