### Balash *v.* Treadwell Engineering Company (et al., Appellants).

Argued September 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Wilson H. Oldhouser,* Assistant Attorney General, with him *Milton J. Goodman, David C. Harrison,* Deputy Attorney General, and *Thomas D. McBride,*

Attorney General, for Commonwealth of Pennsylvania, Department of Labor & Industry, appellant.

*A. Albert Gross,* with him *Gross & Herster,* for defendants, employer and insurer, appellees.

OPINION BY HIRT, J., November 14, 1958:

Claimant's employment with the defendant Treadwell Engineering Company in Pennsylvania began in 1942 and continued until August 25, 1956. For approximately 14 months immediately prior to the date in 1942 when claimant first went to work for the defendant, he was employed by Taylor-Wharton Iron and Steel Company at High Bridge in New Jersey. He was a laborer throughout the terms of both employments. During the 14 months in New Jersey he worked in his employer's foundry handling dry and dusty sand. He performed identical work shoveling dusty sand in defendant's foundry, until January 31, 1954 when he was assigned to sand blasting castings, followed by operations on an emery wheel. In every phase of claimant's work wherever performed in Pennsylvania and New Jersey there was dust in the air and throughout his employment beginning in New Jersey and continuing with the defendant in Pennsylvania he was exposed to a silica hazard. It is admitted that he had become totally disabled from silicosis when he quit his work on August 25, 1956. And it must be conceded that he is entitled to compensation for total disability under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended by the Act of February 28, 1956, P. L. (1955) 1095, 77 PS §1201 et seq. The dispute here therefore is as to where the liability to pay the award rests. The referee, the Board and the lower court all concluded that the Commonwealth of Pennsylvania alone was liable.

Section 308(a) of The Pennsylvania Occupational Disease Act, as amended, supra, 77 PS §1408(a) provides: "When compensation is awarded because of disability or death caused by silicosis, . . . which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, *except as otherwise provided in subsection (g) of section 301,* be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum." (Italics added). Claimant's total disability, under the findings in this case, supported by undisputed testimony, began on August 25, 1956. And since the proportionate liability of the employer and the Commonwealth is determined as of that date (*Pekorofsky v. Glen Alden Coal Co.,* 171 Pa. Superior Ct. 97, 89 A. 2d 890) the Commonwealth in this appeal contends that its liability cannot exceed 40% of the compensation due and that 60% must be paid by the employer.

The liability of the employer for the payment of 60% of the compensation for disability for occupational disease under §308(a) of the Act was specifically made subject to the operation of §301(g), 77 PS §1401, as amended, which provided: ". . . when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: *And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all com-*

*pensation shall be paid by the Commonwealth . . ."*
(Italics added).

It is generally recognized that silicosis by its very nature is a disease which progresses, from its incidence on exposure to the hazard, over a period of years to the point of disablement. *McIntyre v. Lavino & Co. et al.,* 344 Pa. 163, 25 A. 2d 163. The claimant's work for the Taylor-Wharton Company in New Jersey had to do exclusively with the handling of dry moulder's sand. The air in the foundry was dusty and he was exposed to a silica hazard throughout his employment there. In his employment with the defendant on every job to which he was assigned he was also exposed to the same hazard. The medical testimony is that claimant, on and after August 25, 1956, was totally disabled from silicosis in its final stage, as a result of the exposures and there was no testimony that the incidence of the disease did not occur during the New Jersey employment. The referee from a realistic analysis of the testimony found: "It has not been conclusively proved that the claimant's disability is the result of his last exposure to a silica hazard while employed by the defendant"; and the board affirmed the finding.

The appellant however contends that under §101 of the Act of June 21, 1939, P. L. 566, 77 PS §1201 liability for all compensation due the claimant cannot be imposed on the Commonwealth under the above subsequent amendment to the Act. Section 101 provided: "It [the Act] shall apply to disabilities and deaths caused by occupational disease as defined in this act, resulting from employment within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed, or extended, and shall not apply to any such disabilities and deaths resulting from employment outside of the Commonwealth." With

the above contention we cannot agree. It is now too late for appellant to raise the question whether claimant has shown himself to be entitled to compensation, on the argument that section 101 excludes disability resulting from "foreign employment hazards." Appellant throughout the proceedings, below, admitted compensable disability and the question of claimant's right to compensation was not raised here in the statement of questions involved. Moreover, since the Commonwealth did not except to the referee's findings, affirmed by the board, it may not raise the question here. *Karoly v. Jeddo-Highland Coal Co.*, 166 Pa. Superior Ct. 571, 73 A. 2d 214.

Claimant certainly was a Pennsylvania employe and under §101 was entitled to compensation although his disability did not result exclusively from employment within this Commonwealth. The board and the lower court both construed §101 of the Act thus: "This section merely establishes what persons come within the purview of the Statute, but once a Pennsylvania employee establishes his right to compensation, attention must be directed to other sections of the Act to ascertain liability for such compensation payments." With this construction we agree. Moreover as suggested by the board it is a consideration of importance that the legislature, in imposing the obligation to pay on the Commonwealth under §301(g) in an amendment fourteen years after §101 was enacted, did not see fit to exclude exposure in prior employment outside the Commonwealth as an element material to the issue. Section 101 has no relevancy on the question of the extent of the Commonwealth's liability once it is determined that a claimant is entitled to an award.

The conclusion of the board was a reasonable inference from the testimony in this case and the judg-

ment entered by the court on the award, must be affirmed.

Judgment affirmed.