## Pagliaroli *v.* Shenango Penn Mold Co. et al., Appellants.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Leonard P. Kane, Jr.,* with him *Brandt, Riester, Brandt & Malone,* for employer and carrier, appellants.

*Benjamin Diamond,* Special Assistant Attorney General, with him *Wilson H. Oldhouser,* Assistant Attorney General, *David C. Harrison,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., June 10, 1959 :

Antonio Pagliaroli filed a claim petition under the provisions of The Pennsylvania Occupational Disease Act[1] alleging total disability as the result of silicosis. The Referee made an award, of which he directed that the employer should pay sixty percent and the Commonwealth should pay forty percent. The employer appealed to the Workmen's Compensation Board on the ground that liability for the award should be placed entirely upon the Commonwealth. The Board affirmed the decision of the Referee. Upon appeal to the County Court of Allegheny County, that tribunal affirmed the Board's decision and entered judgment accordingly. This appeal followed.

The record discloses that claimant was employed by the Shenango Penn Mold Company from June 15, 1942 until June 2, 1954, a period of approximately twelve years. His duties as a chipper involved the use of an air hose inside the molds, with resulting exposure to silica dust. Claimant had previously been employed by the Valley Mold Company for twenty-seven years, during the last ten years of which period he was doing the same type of work under similar exposure conditions. Claimant testified that he was in good health when he stopped working for the Valley Mold Company, and that he then had no chest pains or shortness of breath. Claimant first consulted his family physi-

---

[1] Act of June 21, 1939, P. L. 566, as amended, 77 P.S. 1201, et seq.

cian, Dr. DeSantis, late in 1953. He was sent to the Sharon General Hospital in June 1954, at which time a diagnosis of silicosis was made. On August 29, 1956, and again on October 6, 1956, claimant was examined by Dr. Leffingwell, a specialist in diseases of the chest, who testified that claimant was totally disabled as the result of silicosis. Dr. Biggins testified for the employer that he last examined claimant on July 10, 1956, and that claimant was totally disabled from silicosis. It is therefore apparent that claimant's right to an award is not questioned on this appeal. The dispute is between the employer and the Commonwealth as to where the liability to pay the award rests.

Appellants' statement of the questions involved is as follows: "1. Is there enough substantial and competent testimony in the record to prove, within the meaning of Section 301 (g) of the Pennsylvania Occupational Disease Act, that claimant's disability is the result of his last exposure with the defendant? 2. Where there is no testimony that the incidence of claimant's disease did not occur during his exposure to a silica hazard with a previous employer, should liability for payment of compensation be imposed solely upon the Commonwealth in accordance with Section 301 (g) of said Act?" These questions may properly be treated together, the pivotal issue being whether there is sufficient evidence in the record upon which the compensation authorities could base their finding that claimant's disability was the result of his last exposure.

The statute contains two provisions which are here pertinent. Section 308 (77 P.S. 1408) reads as follows: "(a) When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation

for disability or death due to such disease shall, except as otherwise provided in subsection (g) of section 301, be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum". Section 301 (77 P.S. 1401) reads as follows: "(g) The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth. An exposure during a period of less than six months after the effective date of this act shall not be deemed an exposure. The notice of disability or death and claim shall be made to the employer who is liable under this subsection, his insurance carrier, if any, and the Commonwealth".

While Section 301(g) requires that all compensation shall be paid by the Commonwealth unless the disability is conclusively proven to be the result of the last exposure, the term "conclusively" is not to be interpreted in the literal sense. "We have already held there is no substantial difference between incontrovertible proof and conclusive proof (Grant v. Wark Construction Co., 152 Pa. Superior Ct. 214, 31 A. 2d

739) ; by the use of these expressions it was not intended that proof must be either incontrovertible or conclusive in the literal sense. Such a construction would make it virtually impossible for an employe to secure compensation for a hernia. When given a reasonable construction (Stat. Const. Act of May 28, 1937, P. L. 1019, art. IV, Section 52, 46 PS 552), they mean merely 'clear and convincing proof' ": *Drumbar v. Jeddo-Highland Coal Co.*, 155 Pa. Superior Ct. 57, 37 A. 2d 25. In the case at bar, therefore, the Commonwealth was required to sustain its burden merely by clear and convincing proof.

We have repeatedly said that the credibility of expert witnesses and the weight to be attached to their testimony are matters exclusively for the Board. Where there are conflicts in the evidence it is for the Board to determine which opinion it will adopt. It is not the duty of this court to reconcile conflicting medical testimony, nor to review as a matter of law the credibility of medical witnesses. We are bound by the findings of fact made by the compensation authorities if they are supported by the evidence: *Wolfingbarger v. Addressograph-M.*, 188 Pa. Superior Ct. 136, 146 A. 2d 309. See also *Spry v. Polt*, 186 Pa. Superior Ct. 326, 142 A. 2d 484; *Oliver v. Westinghouse Electric Corp.*, 186 Pa. Superior Ct. 604, 142 A. 2d 486; *Rodgers v. Methodist Episcopal Hospital*, 188 Pa. Superior Ct. 16, 145 A. 2d 893. Where the testimony on a pivotal issue is conflicting, it is for the compensation authorities to resolve the conflict: *Felten v. Mellott*, 165 Pa. Superior Ct. 229, 67 A. 2d 727.

Appellant has made a detailed analysis of excerpts from the testimony of the two experts. Substantially the same portions of the testimony are analyzed by appellee. The respective litigants have interpreted the testimony in support of their particular version of the

case. Dr. Leffingwell, the claimant's expert, testified that, in his professional opinion, claimant became disabled while working for the Shenango Penn Mold Company. He also stated that there might have been some silicosis present on June 15, 1942, and that it was possible to have silicosis without being disabled. Dr. Biggins, the expert for appellant, also testified that claimant became totally disabled while working for Shenango Penn Mold Company. He further testified that silicosis is "an accumulative thing", and that the patient's condition and the amount of the hazard must be considered. He expressed the opinion that the combination of both exposures contributed to the development of claimant's silicosis. As aptly said by Commissioner Noonan: "The medical testimony on the issue raised on this appeal is conflicting and vague, but it is apparent that the referee considered the claimant to have slight susceptibility to silicosis at the time he ended his employment with the Valley Mold Company and began employment with the defendant company. In this he is supported by the claimant's own testimony, which is to the effect that he was in good health and had no pain or cough in 1942 when he left the Valley Mold Company and began work for the defendant company".

Appellant relies largely upon *Balash v. Treadwell Engineering Co.*, 187 Pa. Superior Ct. 630, 146 A. 2d 370, but that case is not here controlling. In the *Balash* case the claimant had worked in a silica hazard for a Pennsylvania employer from 1942 to 1956. Immediately prior thereto, claimant had worked in a silica hazard during a period of fourteen months for a New Jersey employer. The finding of the compensation authorities, the antithesis of the finding in the case at bar, was that claimant's disability was not entirely the result of his last exposure. We stated that

this finding was a reasonable inference from the testimony in that record. The actual issue on appeal was whether, in view of the provisions of Section 101 (77 P.S. 1201), employment outside of the Commonwealth should be excluded from consideration.

In the case at bar, the compensation authorities were justified in finding from the evidence that claimant's disability was the result of his last exposure while in the course of his employment with the Shenango Penn Mold Company. See *Gaydosh v. Richmond Radiator Co.*, 164 Pa. Superior Ct. 154, 63 A. 2d 502. It was therefore proper to direct that the award should be paid jointly by the employer and the Commonwealth on a sixty-forty percent basis. The practical effect of the adoption of appellants' position would be to hold that the Commonwealth is solely liable in all cases in which a claimant has worked in a particular hazard for more than one employer for periods of longer than six months. We do not believe that the legislature intended such a result. Certainly it did not say so.

Judgment affirmed.