MARY MOSCHELLA vs. ANTHONY TRAVERSO, executor. LOUISE CASSELL vs. ANTHONY TRAVERSO, executor. April 4, 1960. See "brief statement of the grounds and reasons of the decision" in a companion case, decided herewith.

ANNA K. FOYE vs. LOUISE KING & others. April 4, 1960. Order denying jury issues affirmed. This is an appeal from an order denying a motion by contestants of the will of Dolores Mendez Francis, late of New Bedford, for the trial by jury of the issues whether (1) the will was legally executed, (2) the testatrix was of sound mind, and (3) the instrument was procured by the fraud and undue influence of the proponent, Anna K. Foye. Statements by counsel of expected evidence fail to show adequate ground for a reasonable expectation of a result favorable to the contestants. *Spilios* v. *Bouras,* 337 Mass. 176, 177, and cases cited. There was no evidence of improper execution and no medical evidence of unsound mind. While the proponent was made residuary legatee, it was as trustee for her daughter and the claim of undue influence was based on mere suspicion, surmise and conjecture. *Neill* v. *Brackett,* 234 Mass. 367, 370. *Cummins* v. *McCawley,* 241 Mass. 427, 430. *Johnson* v. *Loring,* 267 Mass. 310, 312. *O'Brien* v. *Collins,* 315 Mass. 429, 439–440.

*Joseph Lipsitt,* for the contestants.
*Charles W. Deasy,* (*Luke Smith* with him,) for the proponent.

FREDERICK JACQUES's CASE. April 27, 1960. The decree is to be modified by striking out the affirmance of the decision of the reviewing board, and by dismissing the claim, and as so modified it is affirmed. The employee appeals from a decree of the Superior Court ordering that the "decision of the reviewing board be affirmed." The decree is erroneous in form. *Johnson's Case,* 242 Mass. 489, 493–494. *Webb's Case,* 318 Mass. 357, 358. The reviewing board had affirmed and adopted the finding of the single member that the "employee has failed to prove by a fair preponderance of evidence that he suffered a personal injury arising out of and in the course of his employment," and denied the claim for compensation. The decision of the board was untainted by error of law and resolved the facts against the employee. The denial of the motion to recommit was discretionary.

*Edward J. Bushell,* for the claimant, submitted a brief.
*Philander S. Ratzkoff,* for the insurer.