FRANK T. AMARAL's (dependent's) CASE.

Suffolk.   May 2, 1960. — June 3, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Proximate Cause.   Death.   Workmen's Compensation Act,* Death, Decree,
Appeal, Findings by Industrial Accident Board.  *Evidence,* Hypo-
thetical question.

A decree of the Superior Court in a workmen's compensation case that
"the decision of the reviewing board [denying the claim] be affirmed"
was erroneous in form; it should have dismissed the claim.   [134, 136]
It was too late for the claimant in a workmen's compensation case to at-
tack in this court the form and content of a hypothetical question put
to a witness by the insurer where the question was not attacked before
the single member or the reviewing board.   [135]
It was not a valid objection to a hypothetical question asked of an expert
witness that the question was based in part upon evidence which might
have been excluded but which was admitted without objection.   [135]
Harmful error in adoption of an expert witness's opinion by the reviewing
board in a workmen's compensation case was not shown by a comparison
of the specific findings of the board with the facts assumed in a hypo-
thetical question asked of the witness.   [135]
In a workmen's compensation case in which the claimant contended that,
as a result of an accident in which a taxicab operated by the employee
struck two school girls walking by the side of the road, killing one and
injuring the other, "the employee suffered a mental shock" causing a
"reactive depression constituting an injury arising out of and in the
course of his employment, and that this injury hastened and accelerated
an underlying condition to a death [three months after the accident]
sooner than it would otherwise have occurred," subsidiary findings by
the Industrial Accident Board supported by the evidence warranted its
conclusion, adopting the opinion of a medical expert, that the death of
the employee was due to cirrhosis of the liver and a rupture in "usual
course" and "was not related to the accident."   [135]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *DeSaulnier, J.*
*Richard L. Hull,* for the claimant.
*Philander S. Ratzkoff,* for the insurer.

WILKINS, C.J.   On November 6, 1956, the deceased employee, a taxicab driver, as part of his duties was driving four boys to school in Gloucester.   He struck two school girls, who were walking by the side of the road, killing one and injuring the other.   On February 8, 1957, he died in a hospital.   The claimant, his widow, contends that, as a result of the accident, "the employee suffered a mental shock of such proportions as to cause a reactive depression constituting an injury arising out of and in the course of his employment, and that this injury hastened and accelerated an underlying condition to a death sooner than it would otherwise have occurred."   The single member found in favor of the claimant.   The reviewing board denied the claim for compensation.   From a decree in the Superior Court that "the decision of the reviewing board be affirmed," the claimant appealed.

The decree was erroneous in form.   *Johnson's Case,* 242 Mass. 489, 493-494.   *Webb's Case,* 318 Mass. 357, 358. *Jacques's Case,* 340 Mass. 787.

The decision of the reviewing board superseded that of the single member, and must be accepted as final if supported by evidence and not tainted by error of law.   *Webb's Case, supra,* p. 358.

The reviewing board, after making certain findings, stated: "Based on the above findings the reviewing board find that immediately subsequent to the automobile accident of November 6, 1956, the employee was very upset and depressed but during the next three months his nervousness and depression diminished and he worked two weekends as a night watchman. . . .   The reviewing board adopted the opinion of Dr. J. Stewart Rooney that the employee had cirrhosis of the liver which caused esophageal varices, an enlargement of the blood vessels of the esophagus, and that one of these ruptured, and that these two conditions followed their usual course to a pneumonic process and death. The reviewing board adopt the opinion of Dr. Rooney that the employee's death was *not related to the accident* of November 6, 1956."

In so far as there may be an argument based on the form and content of a hypothetical question to Dr. Rooney by the insurer, a question which was not objected to before the single member nor made the subject of any motion before the single member or the reviewing board, it comes too late. *Charron's Case,* 331 Mass. 519, 522–523. See *Blanchard's Case,* 335 Mass. 175, 178. This covers the inclusion as an assumed fact that Dr. Parker, the attending physician, had testified that until several days prior to death he had noted no depression. There is no valid objection that the hypothetical question was based in part upon evidence which might have been successfully objected to but which was admitted without objection. *Ventromile* v. *Malden Elec. Co.* 317 Mass. 132, 135. *Comeau* v. *Beck,* 319 Mass. 17, 19.

The reviewing board was not required to make express findings of all the facts contained in the hypothetical question to Dr. Rooney. Nor is it fatal that the reviewing board found that Dr. Parker testified that the employee was depressed on November 6 and 7, and during the period until December 17 was not as depressed as he had been. The board could accept the opinion of Dr. Rooney even though one of the assumed facts was found by it to be somewhat otherwise. In the circumstances there was no harmful error, if error at all.

The reviewing board made reasonably full findings. We do not have a case of "a naked general finding." See *Roney's Case,* 316 Mass. 732, 735. There was a general finding, even though referring to the testimony of Dr. Rooney, to the express effect that the employee's death was not related to the accident. This was dispositive of the issues whether he received an injury arising out of and in the course of his employment, and if so, whether the injury contributed to his death.

The claimant does not appear to argue any motion to recommit presented in the Superior Court. Such a motion is not in the record nor mentioned in her brief. In any event, no error appears.

The decree is to be modified by striking out the affirmance of the decision of the reviewing board, and by dismissing the claim, and as so modified it is affirmed.

*So ordered.*