WILLIAM A. DORAN's (dependent's) CASE. December 22, 1961. Decree affirmed. The employee's widow was awarded compensation upon her claim that his death from coronary artery disease with myocardial infarction was brought on by strain during the extraordinary snow storm of March 16, 1956. The single member's finding, adopted by the reviewing board, that death was "causally related to . . . [his] experience on March 16" had support in somewhat unconvincing medical testimony. We conclude, however, that the assumptions in rather loosely expressed hypothetical questions did not go in material respects beyond the evidence, including extensive hospital records. See *Commonwealth* v. *Moore,* 323 Mass. 70, 74–75; Wigmore, Evidence (3d ed.) § 682; McCormick, Evidence, § 14. Cf. *Brown* v. *United States Fid. & Guar. Co.* 336 Mass. 609, 613. Although it is possible that there was some confusion of records of different hospital admissions, we think that the board was warranted in its evidential use of the records. The single member's subsidiary findings (also adopted by the reviewing board) on the employer's knowledge of the injury and prejudice to the insurer should have been more complete and precise. See *Thibeault's Case,* 341 Mass. 647, 652. Nevertheless, we cannot say that the aggregate evidence about communications with a representative of the employer, and the inferences therefrom reasonably to be drawn, did not permit the conclusion that the employer had knowledge of the employee's condition and injury. We think also that there was evidence warranting the conclusion that the insurer was not prejudiced by lack of the statutory notice. Costs of this appeal are to be determined by the single justice.

*Daniel A. Canning,* for the insurer.

*Timothy J. McInerney,* for the claimant.

JOSEPHINE C. LEVESQUE *vs.* THEODORE J. O'GINSKI & others. December 28, 1961. Decree affirmed with double costs. This is an appeal by the defendant O'Ginski from a final decree ordering him "to pay to the plaintiff forthwith . . . $9,377.20 together with interest at the rate of six (6) per cent from February 2, 1961, amounting to $175, with costs amounting to $44.70, as taxed by the Clerk, amounting in the aggregate to $219.70." The case was referred to a master who made detailed findings of fact. We see no merit in the defendant's contention that the conclusions reached by the master are inconsistent with the allegations contained in the bill of complaint. The findings of the master were not "mutually inconsistent or plainly wrong." *Flynn* v. *Korsack, ante,* 15, 17. There was no error. It seems fairly obvious that all the defendant hopes to accomplish by this appeal is to stretch out over a period of some years the repayment of the monies he wrongfully withheld from the plaintiff.

The case was submitted on briefs.

*Samuel B. Mannos,* for the defendant O'Ginski.

*Robert M. Rodman,* for the plaintiff.