Habovick *v.* Curtiss-Wright Corporation, Appellant.

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Raymond F. Keisling,* with him *Clem R. Kyle,* for appellant.

*Edward T. Kelley,* for appellee.

OPINION BY WRIGHT, J., December 16, 1965:

This case arises under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 P.S. 1201 et seq. We are here concerned with an appeal by the employer from a judgment for the claimant entered in the Court of Common Pleas of Clearfield County in

accordance with an award[1] made by the Referee and affirmed by the Board.

On October 25, 1961, Andrew D. Habovick filed a claim petition alleging that he was totally disabled as the result of employment by the Curtiss-Wright Corporation in a hazardous occupation, and that the cause of his disability was an occupational disease as defined in subsection (n) of Section 108 of the statute (77 P.S. 1208). This subsection was added by the amendment of February 28, 1956, P. L. (1955) 1095, and provides in pertinent part that the term occupational disease shall include "other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population".

Claimant worked in the employer's Quehanna Plant from March 15, 1957, until November 27, 1960. During the course of his employment he was exposed to the fumes of Polyethyl Ether, a chemical compound identified at the hearing as T. D. I. These fumes caused difficulty in claimant's breathing. On two separate occasions he required the administration of oxygen at the plant, followed by hospitalization. Claimant was examined by Dr. Joel Goldman who found that he was totally disabled as the result of pulmonary fibrosis with pulmonary emphysema. An examination of claimant by the employer's physician, Dr. Myer Bloom, disclosed no objective evidence of any disability. Because of this conflict in the medical testimony, Dr. Albert DeMatteis was appointed as an impartial physician. His examination revealed that claimant was totally disabled as the result of pulmonary fibrosis with accompanying emphysema. Dr. DeMatteis testified that pulmonary

---

[1] The award included a direction that the Commonwealth of Pennsylvania should be reimbursed to the extent of $450.00, representing the amount of unemployment compensation benefits paid to the claimant following the date of his disability.

fibrosis is scarring of the lung tissue due, in claimant's case, to marked irritation from inhalation of the T. D. I. fumes; that exposure to this chemical compound is a hazard peculiar to claimant's occupation; and that the disease is not common to the general population.

The Referee made, inter alia, the following findings of fact: "8. That the claimant has been totally disabled because of pulmonary fibrosis and emphysema caused by his exposure to T. D. I. fumes while employed by the defendant company from March 15, 1957 to November 27, 1960 . . . 12. That since the claimant was exposed to the hazardous conditions of his employment for a period of less than five years, the liability rests solely with the defendant company". In affirming these findings, the Board was "impressed by the fact that, prior to assuming employment with the Defendant, the Claimant was given a physical examination by doctors provided for that purpose by the Defendant. At the time of this physical examination, the Claimant did not suffer from the symptoms and the disease which forms the basis of this action".

The questions involved on this appeal are thus set forth in appellant's brief: "(1) Is pulmonary emphysema and pulmonary fibrosis an occupational disease within the meaning of Section 108(n) of the Act? (2) Was the claimant's disability caused solely by his exposure while employed by the Curtiss Wright Corporation?" In our consideration of these questions we must bear in mind that the statute is to be liberally construed in favor of the employe: *DeMascola v. Lancaster,* 200 Pa. Superior Ct. 365, 189 A. 2d 333, and that the evidence must be viewed in the light most favorable to the claimant, who has the award: *Hesselman v. Somerset Community Hospital,* 203 Pa. Superior Ct. 313, 201 A. 2d 302.

Appellant relies primarily on *Porter v. Sterling Supply Corp.,* 203 Pa. Superior Ct. 138, 199 A. 2d 525, wherein we held that pulmonary emphysema was not

an occupational disease within the meaning of Section 108(n). In the case at bar, however, the testimony of Dr. DeMatteis was to the effect that claimant's pulmonary emphysema was a secondary factor, and that his disability was the result of pulmonary fibrosis peculiar to the occupation in which he was employed, and that this condition was caused by inhalation of the T. D. I. fumes. The credibility of this witness and the weight to be attached to his testimony were matters exclusively for the Board: *Doheny v. City Stores*, 201 Pa. Superior Ct. 566, 193 A. 2d 650. Since the Board's finding is supported by competent evidence, it is binding on appeal: *Wolfinbarger v. Addressograph-M.*, 188 Pa. Superior Ct. 136, 146 A. 2d 309.

As stated in appellant's brief, it is not now argued that the compensation authorities erred in finding the claimant to be totally disabled. Appellant does contend, however, that claimant's disability "was caused not only by his employment with Curtiss-Wright but also from the various other occupations in which he was formerly employed". It is our view to the contrary that, on this record, the compensation authorities were justified in finding from the evidence that claimant's disability was the result of his exposure while in the course of his employment with the appellant. Cf. *Pagliaroli v. Shenango Penn Mold Co.*, 189 Pa. Superior Ct. 496, 151 A. 2d 637.

Judgment affirmed.