## Nevison *v.* Food Fair Stores, Inc. et al., Appellants.

Argued September 15, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and SPAULDING, JJ. (HOFFMAN, J., absent).

*Frederick W. Anton, III,* with him *Paul H. Ferguson* and *Earl T. Britt,* for appellants.

*William J. MacDermott,* with him *David Cohen,* for appellee.

OPINION BY WRIGHT, J., November 17, 1966:

This is a workmen's compensation case. Mervin J. Nevison filed a claim petition alleging that he had sustained a heart attack on October 2, 1961, as the result of an accidental injury while in the course of his employment at one of the markets operated by Food Fair Stores in the City of Philadelphia. The employer denied that an accident had occurred, and also denied causal relationship between the alleged accident and the heart attack. The Referee dismissed the claim petition. The Board affirmed the decision of the Referee. The court of common pleas entered an order sustaining an appeal by the claimant, and directed the Board to make an award.[1] This appeal followed.

Claimant was manager of the produce department of the market at 1906 East Washington Lane. Produce was delivered by motor truck to the second floor of this store. As and when needed each day, produce was loaded upon a two-level metal cart and transported down a ramp to the first floor. Claimant testified on direct examination that, as he was descending the ramp with a loaded cart, "I started getting dizzy and I sort of slipped to my knee, but the cart was heavy in coming down and I put my arms out, at arm's length, to prevent the cart from pinning me against the wall". On cross-examination claimant testified as follows: "I

---

[1] "AND Now, to wit this 27th day of April, 1966, the appeal from the decision of the Workmen's Compensation Board is sustained; the Workmen's Compensation Board is directed to make an award consistent with this opinion, and thereafter judgment is entered for claimant".

just started down the ramp and I was about three-quarters of a way, about one-third way from the top of the ramp when I had this dizziness come on and I fell to my knee, whether I slipped or it was from the dizziness". Claimant then left the store, was hospitalized for seven weeks, and has not returned to work. Dr. Lawrence T. Browne testified that claimant had sustained a "coronary thrombosis with acute coronary occlusion and myocardial infarction" which was causally related to his work activity.

The record discloses that claimant had suffered two prior heart attacks. In July 1957 claimant had a coronary thrombosis, with acute myocardial infarction, as the result of which he was hospitalized for six weeks and did not return to work until January 1958. In January 1960 claimant had a second attack as the result of which he was again hospitalized for six weeks and did not return to work until December 1960. Dr. Browne testified that claimant had severe coronary artery disease "which made him prone to another heart attack, coronary thrombosis". It is not disputed that claimant is now permanently and totally disabled. Dr. Albert Bockman testified for the employer that claimant's work activity "had no relationship to the disability . . . In my opinion we are dealing with spontaneous disease . . . progressive disease of the heart".

It was the conclusion of the Referee, sustained by the Board, that claimant's disability "was not the result of an injury by accident". The court below reasoned that this conclusion was erroneous because "a fall alone has been held to be an accident", citing *Allen v. Patterson-Emerson-Comstock, Inc.,* 180 Pa. Superior Ct. 286, 119 A. 2d 832. This reasoning overlooks the principle that compensation may not be awarded without a finding of causation, and the power to make such a finding is exclusively vested in the compensation authorities: *Gavandula v. Ryan Brothers,* 205 Pa. Supe-

rior Ct. 325, 209 A. 2d 13. In the *Allen* case, upon which reliance was placed by the court below, we did not direct that an award be made. The record was simply remanded to the Board for further consideration due to the absence of medical testimony as to causal connection.

In a workmen's compensation case claimant has the burden to prove all of the elements necessary to support an award, and it is for the compensation authorities as finders of the facts to determine from the evidence whether claimant has sustained that burden: *McGowan v. Upper Darby Pet Supply,* 207 Pa. Superior Ct. 329, 217 A. 2d 846. Where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Brasacchio v. Pennsylvania Highway Department,* 208 Pa. Superior Ct. 212, 222 A. 2d 418. Where the Board has found against the claimant, the evidence on appeal must be viewed in the light most favorable to the employer: *Beck v. Container Corporation of America,* 207 Pa. Superior Ct. 456, 218 A. 2d 839.

Assuming arguendo, as the lower court reasoned, that an accident occurred when claimant fell to his knee, it was necessary for claimant to establish a causal connection between the fall and his heart attack: *McFarlane v. Mellon-Stuart Co.,* 205 Pa. Superior Ct. 66, 208 A. 2d 40. Whether or not the fall was the cause of claimant's present disability was a factual question for the Board to determine: *McCafferty v. Masten Transportation, Inc.,* 205 Pa. Superior Ct. 239, 209 A. 2d 11. The medical testimony on this pivotal issue was in direct conflict. It was the province of the compensation authorities to evaluate this conflicting testimony: *Habovick v. Curtiss-Wright Corp.,* 207 Pa.

Superior Ct. 80, 215 A. 2d 389. We do not perceive any capricious disregard of competent evidence, and the conclusion of the Board should not have been disturbed.

One other matter should be mentioned. The argument is made in claimant's brief that there were two accidents in this case. It is asserted that the first accident was the fall, and that the second accident was "the unusual activity engaged in by the claimant on the day of October 2, 1961". The Board refused to make a finding that there had been overexertion, stating expressly that claimant's work on the day in question "was incidental to the occupation". In any event, and as already indicated, claimant failed to sustain his burden to establish causal connection between the work activity and his disability. Cf. *Pudlosky v. Follmer Trucking Co.*, 206 Pa. Superior Ct. 450, 214 A. 2d 270.

The order of the court below is reversed, and the decision of the Board is reinstated.