PATRICK J. REILLY'S CASE. May 23, 1973. The insurer appeals from the final decree of the Superior Court awarding workmen's compensation benefits in accord with the decision of the single member as affirmed by the reviewing board. The insurer argues the insufficiency of the evidence that the employee's pulmonary fibrosis resulted from his employment and that he was totally disabled; various exceptions to evidence and the like are also argued. In the opinion of a majority of the entire court there was no error. There was medical opinion on behalf of the employee that the pulmonary fibrosis was connected with his inhalation for over twenty years of naphtha and benzine fumes (characterized variously as "noxious fumes and gases" and "toxic irritants") from rubber cement

which he applied in liquid form to fabric. See *Wax's Case,* 357 Mass. 599; *Meyer* v. *A. B. McMahan Co. Inc.* 269 Minn. 73; *Whitehead* v. *Holston Defense Corp.* 205 Tenn. 326; *Habovick* v. *Curtiss-Wright Corp.* 207 Pa. Super. 80. See also *Bernard* v. *Louisiana Wild Life & Fisheries Commn.* 152 So. 2d 114 (La. App.), review refused, 153 So. 2d 881. Dr. MacDonnell's evidence was that the pulmonary fibrosis was "secondary to industrial exposure"; the cross-examination by the insurer's counsel contains the following: "Q. In connection with your opinion, which is that his fibrosis is related to his work of twenty-five years, is that particularly your opinion? A. Yes." Dr. Gryboski testified that "in view of his occupational history . . . [he] thought that this was industrially related." These opinions were not vitiated by "[r]ecognition of the possibility of another cause . . .. The employee was not required to exclude all other possibilities." *Blanchard's Case,* 277 Mass. 413, 415. Nor was it necessary, as the insurer argues, that the injurious agent be discoverable in the disease itself. *Johnson's Case,* 279 Mass. 481. *Robinson's Case,* 299 Mass. 499. *Wax's Case, supra.* See Locke, Workmen's Compensation, p. 643. "The board's findings must stand if there is any evidence to support them, and this court will sustain the general finding if possible." *Vaz's Case,* 342 Mass. 495, 497. *Sevigny's Case,* 337 Mass. 747, 748-749. *Hachadourian's Case,* 340 Mass. 81, 85. *Wax's Case, supra,* at 601-602. Total incapacity is supported by the employee's testimony corroborated by Dr. Gryboski's testimony that the claimant was unemployable and that his ability to exhale tested out substantially below normal. Dr. MacDonnell also testified to abnormalities in "gas exchanges" in the lung. "It is for the board to evaluate the capacity for work upon all the evidence." *Wax's Case, supra,* at 602. *Shirley's Case,* 355 Mass. 308. The exceptions to Dr. MacDonnell's opinion evidence are without merit. It is adequately based on his report ultimately admitted without objection (see *Amaral's Case,* 341 Mass. 133, 135) and the hospital report. *Caccamo's Case,* 316 Mass. 358, 362. *Brek's Case,* 335 Mass. 144, 148. *Doran's Case,* 343 Mass. 776. *Gannon's Case,* 352 Mass. 568, 571. *Rennie's Case,* 357 Mass. 640, 646-647. Other exceptions to evidentiary rulings argued by the insurer and his contention that the findings were biased are insubstantial. *Indrisano's Case,* 307 Mass. 520, 523. *Ogonowsky's Case,* 338 Mass. 468, 472. *Amaral's Case,* 341 Mass. 133, 135. The decree is affirmed. Costs of appeal are to be determined by a single justice of this court.

*So ordered.*

*James C. Gahan, Jr.,* for the insurer.
*Joseph Sheffield Dow* for the employee.