Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation, Appellant, *v.* Bernard T. Malone and City of Philadelphia, Appellees.

Argued October 10, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joseph F. Strain,* with him *Samuel C. Vary,* Assistant Attorney General, and *Joyce Ullman,* Counsel, for appellant.

*Thomas F. McDevitt,* for appellee, Bernard T. Malone.

*James M. Penny, Jr.,* Assistant City Solicitor, for appellee, City of Philadelphia.

OPINION BY JUDGE MENCER, November 15, 1974:

This is an appeal by the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation (Bureau) from an order of the Court of Common Pleas of Philadelphia County affirming an order of the Workmen's Compensation Appeal Board (Board) awarding compensation to Bernard T. Malone (Malone).

Malone had been employed as a fireman by the City of Philadelphia for twenty-seven years when, on June 28, 1970, while at his home, he suffered a heart attack. He never returned to his employment as a fireman, but received full pay until May 5, 1971.

122

On October 13, 1971, Malone filed a Claim Petition for Occupational Disease under The Pennsylvania Occupational Disease Act[1] alleging that he had become disabled by heart disease and therefore qualified for compensation under the provisions of Section 108(o) of the Act which was added by the Act of December 10, 1959, P. L. 1746, §1, *as amended,* 77 P.S. §1208(o) (Supp. 1974-75).

Hearings before a referee resulted in an award of compensation to Malone for 50% partial disability. The Bureau then appealed to the Board which heard oral argument on January 17, 1973, and allowed the Bureau *thirty days* to submit a medical deposition. When no such deposition had been received within *sixty days,* the Board, by opinion dated March 27, 1973, affirmed the findings of fact, conclusion of law and order of the referee.

Undaunted, the Bureau filed a petition for rehearing with the Board which was subsequently granted. However, upon rehearing, the Board again affirmed the referee. The Bureau then appealed to the Court of Common Pleas of Philadelphia which affirmed the Board. The Bureau then filed this appeal.

Our scope of review in an occupational disease case, absent an error of law or a violation of constitutional rights, is limited to a determination of whether the Board's findings and conclusions are supported by substantial evidence. Credibility and weight to be given evidence are questions for the Board. If there is conflicting testimony, it is the Board's function to resolve the conflict. *Allegheny Pittsburgh Coal Company v. Bernard Ostroski,* 12 Pa. Commonwealth Ct. 1, 315 A. 2d 895 (1974).

---

[1]Act of June 21, 1939, P. L. 566, No. 284, *as amended,* 77 P.S. §1201 et seq.

Our careful review of the record reveals that, while there was a conflict in medical evidence in this case, the findings and conclusions of the Board[2] are supported by substantial evidence. The Bureau does not present any convincing argument to the contrary[3] and, in fact, states as the only question to be answered in this appeal: "Was the Workmen's Compensation Board warranted in ignoring the testimony of Doctor Bendersky [the Bureau's expert witness] which rebutted the presumption set forth in Section 301(f) of the [Pennsylvania] Occupational Disease Act [77 P.S. 1401(f)]."[4]

Initially, we are uncertain as to what *testimony* of Dr. Bendersky the Bureau claims was ignored. As we mentioned before, the Board had allowed the Bureau thirty days to submit the doctor's deposition and had handed down its decision without the benefit of this deposition when it was not received within sixty days. We can find no error resulting from this action by the Board as it was within its discretion to limit the time for taking additional evidence.

A *medical report* from Dr. Bendersky is contained in the record. This report refuted the testimony of Malone's medical expert. Of course, as can be readily seen from the prior recitation of our scope of review, the Bureau's question can only be answered in the affirmative. The Board, when faced with a conflict in medical evidence, resolved this conflict in Malone's favor. Such action was entirely proper.

We, therefore, issue the following

---

[2] The Board adopted the findings and conclusions of the referee.

[3] The legal questions involved in this case are similar to those discussed in the case of *DeMascola v. City of Lancaster*, 200 Pa. Superior Ct. 365, 189 A. 2d 333 (1963).

[4] This Section provides that an employe's occupational disease shall be presumed to have arisen in the course of his employment when certain circumstances are shown.

124

**ORDER**

AND NOW, this 15th day of November, 1974, the order of the Court of Common Pleas of Philadelphia County, relative to the claim of Bernard T. Malone, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Bernard T. Malone and against the Commonwealth of Pennsylvania, Bureau of Occupational Injury and Disease Compensation for compensation at fifty percent (50%) partial disability in the amount of $45.00 per week, beginning May 6, 1971, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid, and continuing for an indefinite period until such time as Malone's disability shall cease or change within the meaning of The Pennsylvania Occupational Disease Act.