Constance D. Cuppett, Widow of Victor Cuppett, Deceased *v.* Sheesley Supply Company and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued March 7, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Mary Ellen Krober,* Assistant Attorney General, for appellant.

*Eugene A. Creany* and *Edward G. Kuyat, Jr.,* with them, *Kuyat & Walker,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 17, 1977:

The Commonwealth of Pennsylvania, Department of Labor and Industry (Department) appeals an order of the court of common pleas which affirmed a decision of the Workmen's Compensation Appeal Board (Board) granting compensation to Constance D. Cuppett (Claimant) for the death of her husband, Victor Cuppett (Decedent).

On May 3, 1972, Claimant filed a fatal claim petition for compensation under The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1201 et seq., claiming the death of her husband on January 9, 1971, was the result of either silicosis or anthraco-silicosis. The record establishes that Decedent was last employed by Sheesley Supply Company (Appellee) primarily as a painter and sandblaster.

After hearings, the referee awarded compensation to Claimant concluding as a matter of law that Decedent's death was as a result of his exposure to silica while employed by Appellee. Pursuant to Section 308(a) of the Act, 77 P.S. §1408(a),[1] sixty percent of the compensation was ordered to be paid by Appellee and the remaining forty percent by the Commonwealth's Department of Labor and Industry (Department). Upon appeal, the Board affirmed the referee's finding of Claimant's eligibility for compensation but

---

[1] Section 308(a) of the Act provides:

(a) When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, except as otherwise provided in subsection (g) of section 301 be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum.

held the Commonwealth liable for the entire award. The court of common pleas upheld the Board's determinations both as to Claimant's eligibility for compensation and as to the liability of the Commonwealth.

Two issues are raised by Department for our consideration. First, it contends, insufficient proof was presented as to Decedent's alleged exposure to a silicosis hazard during his employment with Appellee. Alternatively, it argues that, should the issue of exposure be resolved in Claimant's favor, Department should be held liable for only forty percent of the award. We first turn to a consideration of Claimant's proof on the issue of exposure.

*McGarvey v. Butler Consolidated Coal Co.*, 157 Pa. Superior Ct. 353, 43 A.2d 623 (1945), recognized that a claimant under the Act need not rely upon the statutory presumption contained in Section 301(f) of the Act, 77 P.S. §1401(f).[2] Instead of establishing that an occupational disease arose out of and in the course of his employment by the introduction of evidence as to the existence of a hazard in the industry or in his occupation in general, a claimant can prove directly, without the benefit of the presumption, that the particular conditions under which he labored exposed him to the hazard.

Decedent was employed by Appellee continuously from 1960 through 1970 where his job duties included sandblasting by using a substance which Department concedes has a high silica content. Appellee's secretary testified that Decedent spent approximately one-third of his work day sandblasting. This witness ac-

---

[2] Section 301(f) of the Act provides:

(f) If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment but this presumption shall not be conclusive.

knowledged that upon his visits to job sites he had noticed that the clothing of the employees engaged in the sandblasting process was dusty and also admitted that sand particles were circulating in the area around the workers.

Our standard of review in these cases, in the absence of an error of law or violation of constitutional rights, is to determine whether the findings of fact of the Board are supported by substantial evidence, leaving questions of credibility, evidentiary weight and the resolution of conflicts in the testimony to the Board. *Bureau of Occupational Injury and Disease Compensation v. Malone*, 16 Pa. Commonwealth Ct. 120, 328 A.2d 530 (1974). A careful review of the record, including the evidence cited above, convinces us that the finding that Decedent was exposed to a silica hazard at his particular place of employment is based upon substantial evidence, eliminating the necessity of reliance upon the Section 301(f) presumption.

Next, Department challenges the Board's finding that Decedent's death was not conclusively proven to be the result of his last employment and the Board's conclusion that Section 301(g) of the Act, 77 P.S. §1401(g),[3] mandates that the entire award be paid by Department.

---

[3] Section 301(g) of the Act provides, in pertinent part:

(g) The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or

In *Balash v. Treadwell Engineering Co.*, 187 Pa. Superior Ct. 630, 146 A.2d 370 (1958), the Commonwealth was held liable for the claimant's total disability resulting from silicosis, pursuant to Section 301 (g) of the Act. There, claimant had worked fourteen months for one employer while exposed to a silica hazard before beginning his employment with a second employer, where he was similarly exposed to the hazard for twelve years. Since the record here indicates that Claimant worked for the Trabold Company for approximately five years, during which time his job duties included sandblasting, we cannot say the Board erred in concluding that Department had not met its burden of proving conclusively that Decedent's death was a result of his last exposure while he was employed by Appellee.

Accordingly, we

### ORDER

AND Now, this 17th day of June, 1977, the order of the Court of Common Pleas of Cambria County is hereby affirmed.

---

more: And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth. . . .