506 A.2d 978

Westinghouse Electric Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Phillips), Respondents.

46

Submitted on briefs September 12, 1985, to Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Robert W. Murdoch, Jones, Gregg, Creehan & Gerace,* for petitioner.

*Anthony J. Kovach,* for respondent, Acie L. Phillips.

OPINION BY JUDGE BLATT, March 19, 1986:

Westinghouse Electric Corporation (Westinghouse) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award for benefits to Acie L. Phillips (claimant). Disability was alleged to be due to the occupation-

al disease of asbestosis resulting from the claimant's exposure to an asbestos hazard during his occupation as a millwright.

Westinghouse first contends that the Board erred in affirming the referee's determination that the claimant fulfilled[1] the statutory requirements that an asbestosis claimant demonstrate an aggregate employment of at least two years during the ten year period preceding the date of disability as required by Section 301(d) of The Pennsylvania Workmen's Compensation Act (Act).[2] Although conceding that the aggregate employment requirement of Section 301(d) may be satisfied by employment exposure of a cumulative nature,[3] Westinghouse asserts that the claimant was exposed to asbestos only when he worked for Westinghouse or Union Boiler Company (Union) and argues that his aggregate exposure to asbestos may be computed only with reference to the times when he was so employed, a period totaling only fourteen months. We note, however, that the express language of Section 301(d) requires a claimant to prove nothing more than employment for a stated number of years in an occupation having such a hazard. And, as the referee here found, the claimant was employed as a millwright in Pennsylvania from 1945 through 1975 and, during all of the time that he spent

---

[1] Where, as here, the burdened party has prevailed below, our review is limited to determining whether or not there has been an error of law or a violation of constitutional rights and whether or not the necessary findings of fact are supported by substantial evidence. *Crucible Steel, Inc. v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 415, 442 A.2d 1199 (1982).

[2] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of October 17, 1972, P.L. 930, 77 P.S. §412.

[3] *See Mathies Coal Company v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

in that employment,[4] he was exposed to an asbestos hazard. Our review of the claimant's testimony and of the deposition testimony of his medical witness, Dr. Walker, reveals substantial evidence, fully supporting these findings. We, therefore, discern no error on the part of the compensation authorities in concluding that the test of Section 301(d) was met.

Westinghouse next contends that the claimant is not entitled to the rebuttable presumption created by Section 301(e) of the Act,[5] that a claimant's disease arose out of and during the course of his employment[6] if, "at or immediately before the date of disability," he was employed in any occupation in which such an occupational disease is a hazard. Because the claimant's last employment as a millwriight ended December 30, 1975, more than two and one-half years prior to his date of disability, August 22, 1978, Westinghouse argues that he was not employed in a hazardous occupation "at or immediately before" the date of his disability, as required by Section 301(e). We disagree, however, with this proffered interpretation of Section 301(e), which presumes the quoted statutory language to have a narrowly defined temporal meaning. Westinghouse provides no authority for this interpretation, and we be-

---

[4] Although the referee's fifth finding ambiguously refers to claimant's employment in the "asbestos industry", we find this misstatement to be harmless. The other findings in this case clearly reveal his true occupation and the existence of the asbestos hazard therein.

[5] Added by Section 3 of the Act of October 17, 1972, P.L. 930, 77 P.S. §413.

[6] In order to secure benefits in a case such as this, a claimant must prove (1) that he is disabled as a result of an occupational disease within the meaning of the Act and (2) that his disease arose out of and during the course of his employment. *Crucible Steel (Colt Industries) v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 271, 425 A.2d 1108 (1980).

lieve that such a construction is contrary to the intent of the Act. The remedial nature and humanitarian objectives of the Act, which require that its provisions be literally construed, *Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 439 A.2d 627 (1981), in conjunction with the insidious nature of the affliction involved in this case, require that we reject the interpretation Westinghouse advances. The language in question must be interpreted as requiring that a claimant have no intervening employment outside of the hazardous occupation or industry between the time of last exposure and the date of disability, and the facts here, which are supported by substantial record evidence, clearly give rise to the presumption that the claimant's asbestosis arose out of and in the course of his employment as a millwright.

Assuming *arguendo,* however, that this proffered interpretation of Section 301(e) is correct, we still believe that we would be required to affirm the legal conclusion that the claimant's disease arose out of and during the course of his millwright employment. In *Cuppett v. Sheesley Supply Company,* 30 Pa. Commonwealth Ct. 584, 374 A.2d 757 (1977), we held that a claimant who directly established that the particular conditions under which he labored exposed him to a hazard did not need to rely on Section 301(f) of The Pennsylvania Occupational Disease Act,[7] which establishes a presumption identical to that created by Section 301(e) of the Act. Such reasoning applies equally as well here, for our review of the findings of fact and of the record in this case convinces us that this claimant likewise does not have to rely on the Section 301(e) presumption. He directly established, and the referee so found, that he was exposed to the asbestos hazard at his particular

[7] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(f).

places of employment as millwright. Consequently, we will affirm the Board's conclusion that the claimant has satisfied his burden of proof.[8]

Finally, we cannot agree with the contention that the referee's acceptance of Dr. Walker's testimony as credible over that of its own medical witness constitutes a capricious disregard of competent testimony. Our examination of the record reveals Dr. Walker's testimony to be competent. Beyond that determination we cannot inquire, because all questions of credibility and weight to be given to the evidence are for the factfinder. *Borkowski v. Workmen's Compensation Appeal Board (J. F. Kennedy Medical Center)*, 74 Pa. Commonwealth Ct. 310, 459 A.2d 1336 (1983) and *Campbell Company v. Workmen's Compensation Appeal Board (Kerr)*, 74 Pa. Commonwealth Ct. 305, 459 A.2d 904 (1983).

Accordingly, we will affirm the order of the Board.

ORDER

AND NOW, this 19th day of March, 1986, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

Judge MACPHAIL concurs in result only.

---

[8] Where, as here, the administrative agency has reached the correct result, even if it employed an improper analysis, we may affirm, nevertheless, if the correct basis for the ruling is clear on the record. *Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982). As discussed above, the correct basis for the alternative analysis of the Section 301(e) issue is clear on the record of this case.